# MARCH 20, 1940

ROY BERRY V. THE STATE.

No. 20849. Delivered February 14, 1940.
On Rehearing March 20, 1940.

The opinion states the case.

*Curtis Douglass,* of Panhandle, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted in the District Court of Carson County for the offense of driving an automobile upon a public highway while intoxicated and was given a penalty of five days in jail and a fine of $50.00.

There are no bills of exception in the case. Appellant filed a motion for an instructed verdict at the close of the testimony on the theory that the evidence was insufficient to support a conviction.

Appellant also filed a motion to have a mistrial declared before the case was argued to the jury and after the close of the evidence. The ground for the motion sets out that after the selection of the jury to try the case a request was made that the witnesses be placed under the rule. The court called the witnesses to the floor to be sworn and asked appellant's counsel in the presence of the jury if he wanted the defendant sworn. No reply was made and the court reiterated the question in the presence of the jury. Appellant did not take the stand in his own behalf, and complaint is made that this was an allusion to the failure of the defendant to testify. The

unguarded remark of the learned District Judge might, under some circumstances present a difficult question. Certainly it is not a necessary or proper inquiry, but under the facts of the present case, we are unable to see how the rule would be violated. Had the question been asked at a later time, it might be different, depending upon all of the circumstances surrounding the asking of the question. It is quite true that there is no need for any concern upon the part of the trial judge as to whether the defendant in a criminal case is sworn or not. Yet, unless it can be so linked with the procedure in the case as to constitute a reference or an allusion to the "failure to testify" it will not be construed as a violation of the rule.

The indictment properly charges the offense for which the appellant was convicted. The evidence supports the finding of the jury. A constable and a deputy sheriff had observed the appellant driving his automobile on the streets and when he had parked his car and left it for a short while, they went to it and found another man in it who was helplessly drunk. They took him out and carried him to jail, returning in some twenty or thirty minutes later. Appellant re-entered his car and drove through the streets, as detailed by the constable and the deputy sheriff, later stopping and going across the street to a garage. Mr. Williams, the city marshal, arrested the appellant and turned him over to the constable and the deputy sheriff. It is true that the evidence of Mr. Williams on the subject is not sufficient to raise an issue as to the intoxicated condition of the appellant, but the constable testified as follows: "We saw him get out of his car there at the Panhandle Inn and walk across to the Night and Day Garage; we got to that corner just in time to see him getting out of his car. He was staggering when he was walking. From my observation that I made of him then at that time as he was walking from his car across to the Night and Day Garage, I figured he was drunk. I figured he was drunk then."

John White, the deputy sheriff, testifying as to the condition of the appellant at the same time, said: "At that time I saw the defendant Roy Berry; he was going across the street. I don't believe I saw him get out of the car but I saw him right by the car going across the street to the Night and Day Garage. I observed the manner in which he was carrying himself in walking. The manner in which he was carrying himself was that he was staggering a little bit. From what I observed of him there at that time, he was in an intoxicated condition."

There was also testimony as to the smell of liquor on his breath. While there is a sharp difference between the opinions of the witnesses on the opposing sides as to the condition of the appellant, as well as the statements made by the officers concerning him, the question was one for the jury to pass on and not for this court. In the state of the record, we have no jurisdiction to find further than that the facts were sufficient to support the jury's verdict.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

In his motion for rehearing appellant, among other things, insists that the appeal should be dismissed and points out that the transcript embraces no judgment of conviction. Appellant is correct in this contention. In the absence of a judgment of conviction this court is without jurisdiction.

The motion for rehearing is granted, the judgment of affirmance is set aside and the appeal is now dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.