George Wesley SWITZER, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–0584–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1991.

**782**

Sylvia Yarborough, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, George Wesley Switzer, appeals his judgment of conviction for the offense of aggravated assault. TEXAS PENAL CODE ANN. § 22.02 (Vernon Supp.1991). The jury rejected appellant's not guilty plea and found him guilty as alleged in the indictment. The Court, after finding both enhancement paragraphs of the indictment to be true, assessed punishment at twenty five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In appellant's three points of error, he asserts:

1) He was denied the assistance of counsel at the preliminary stage of the prosecution, in violation of the Sixth and Fourteenth Amendments of the constitution of the United States.

2) He was denied the assistance of counsel at the preliminary initial appearance hearing, a critical stage of the prosecution, in violation of Article I, Section 10 of the Texas Constitution.

3) He was denied the assistance of counsel at the preliminary initial appearance hearing, a critical stage of the prosecution, in violation of Article 1.051(a), Code of Crim.Proc. (Vernon Supp.1991).

Appellant was charged with aggravated assault with a deadly weapon on February 2, 1989. On February 3, 1989, appellant was given a preliminary initial appearance hearing ("PIA"). The docket sheet indicated that appellant was without counsel at the PIA; there is no evidence that appellant requested an attorney or indicated that he was indigent. To the contrary, the agreed setting form filed on that date indicates that "Defendant must have hired attorney present on 2–24–90 at 9:00 a.m." for his arraignment, and the docket sheet bears the initials "THA," which is used to indicate the phrase "to hire attorney."

Appellant was indicted for aggravated assault on February 23, 1989. On February 24, 1989, the time scheduled for his arraignment, appellant arrived without counsel, at which point the court appointed one for him.

■ Appellant contends that his initial appearance at the PIA hearing without counsel was a violation of his rights under the Federal and State Constitutions and TEX.CODE CRIM.PROC. art. 1.051. Appellant, however, has failed to show that he was denied counsel at this stage, and how the absence of counsel at this stage in any way prejudiced appellant's subsequent trial.

■ Appellant has not shown that he was denied counsel. At the PIA hearing, appellant did not request counsel, but rather indicated that he would retain his own. While this did not occur, and counsel was eventually appointed, this does not mean that appellant could not have retained counsel for the PIA hearing. The record indicates that appellant did not request appointed counsel at this point. There is no duty imposed on the trial court to appoint counsel until the defendant shows that he is indigent. *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex.Crim.App.1988); *Harriel v.*

*State*, 572 S.W.2d 535 (Tex.Crim.App.1978); *Williams v. State*, 691 S.W.2d 81, 84 (Tex. App.—Houston [1st Dist.] 1985, no pet.). A defendant who asserts that he wishes to represent himself or retain counsel, has the responsibility to inform the trial court if he wants representation by counsel but can no longer afford it. *Williams v. State*, supra.

 Appellant did not request appointed counsel until February 24, 1989, well after the PIA hearing. Appellant cannot now claim that he was denied counsel at that hearing, as the record does not indicate that he made any request for the appointment of counsel or gave any indication that he was indigent. *Gray v. Robinson*, supra; *Harriel v. State*, supra; *Williams v. State*, supra. The record reveals that appellant indicated he was not indigent and would secure his own counsel for the arraignment. If appellant's contention is that he was denied counsel at this stage, it is his responsibility to establish a record supporting that claim. Appellant has not provided this court with any testimony whatsoever regarding appellant's desire to be represented by counsel. Mere assertions in a brief not supported by evidence in a record will not be considered on appeal. *Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982); *Tooke v. State*, 642 S.W.2d 514, 518 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

Appellant must show not only that he was *entitled* to counsel at the PIA, hearing but also that he was *deprived* of counsel at the PIA hearing. While the record reflects that counsel was not present, that is no indication that appellant ever requested counsel or indicated that he wished to retain counsel for this proceeding. We find that appellant was not denied the assistance of counsel at the PIA hearing.

 Lack of counsel at the PIA, if error, was harmless. Further, even if appellant was entitled to assistance of counsel at the PIA hearing, appellant has failed to show how that lack of counsel contributed to either his conviction or punishment. In *Whittington v. State*, 781 S.W.2d 338 (Tex.

App.—Houston [14th Dist.] 1989 pet. ref'd) this court stated the following.

It is conceivable that an attorney could have persuaded the magistrate to drop the charges filed against appellant. However, as previously explained, under Texas law, the return of a bill of indictment by a grand jury effectively preempts prior determinations of probable cause, including those made at a PIA hearing. There is no evidence in the record that appellant's failure to receive legal counsel at the PIA hearing contributed to either his conviction or punishment. TEX.R.APP.PROC. 81(b)(2). *Id.* at 341.

The facts in the instant case are the same. Appellant, subsequent to the PIA hearing, was indicted by a grand jury for aggravated assault, an independent determination of probable cause which preempted the decision of the magistrate at the PIA hearing. Accordingly, appellant's lack of representation at the PIA hearing, the purpose of which is to inform appellant of his rights and make an initial determination of probable cause, in no way contributed to his conviction or punishment. TEX.R.APP. PROC. 81(b)(2). Appellant's first, second, and third points of error are overruled.

The judgment of the trial court is affirmed.