**Freddie BATISTE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. A14-91-00085-CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 18, 1992.

Discretionary Review Granted Oct. 21, 1992.

Kenneth W. Smith, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Freddie Batiste, appeals his judgment of conviction for burglary of a motor vehicle. TEX.PENAL CODE ANN. § 30.04 (Vernon 1989). The jury rejected appellant's not guilty plea and after finding the enhancement paragraph of the indictment to be true, the trial court assessed punishment at 13 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant asserts seven points of error. The first four concern failure to allow appellate counsel to perfect a record supporting his claim for ineffective assistance of counsel. Appellant argues in his fifth and sixth points of error ineffective assistance of counsel by virtue of trial counsel's failure to make a timely *Batson* objection. The last point of error argues denial of counsel at a critical stage of the trial. We affirm.

On August 17, 1990, the complainant, Edward Taylor, drove his 1978 Oldsmobile Cutlass to a drug store and went inside. Upon exiting the store, the complainant discovered his car was gone. He telephoned his wife from the store and told her about the disappearance. Taylor's wife,

Thelma Taylor, called her daughter, Brenda Simon, and they went to look for the car. Fifteen minutes later, they saw the Oldsmobile being pushed by a white Nova. Simon observed appellant behind the wheel of the Oldsmobile. They followed the two cars for a distance, got the license plate number of the Nova, and then stopped to call the police. Resuming their search after the call, they found the car abandoned in front of a city park. The front grill, front bumper, back seat, front headlights, battery, alternator, carburetor, and heater had been removed from the car.

When the police arrived, Simon gave the officer the license plate number of the Nova. The officer checked the registration of the license plate number and then drove Mrs. Taylor and Simon to the address where the Nova was registered. Upon arrival, they observed parts from the Oldsmobile on the driveway of the residence there, being placed onto another Oldsmobile. The officer spoke with the man by the parts and thereafter arrested appellant, who was nearby. The officer brought appellant, who matched the description given by Simon and Mrs. Taylor, to Simon, who identified him as the person she had seen behind the wheel of the stolen Oldsmobile.

In appellant's first four points of error, he complains that the trial court erred in refusing to allow appellate counsel to perfect a record concerning his claim for ineffective assistance of counsel. Specifically, appellant complains the following:

(1) The trial court erred by refusing to allow appellate counsel to develop testimony or make an offer of proof regarding the effective assistance of trial counsel during the motion for new trial hearing;

(2) The trial court erred by refusing to allow appellate counsel to perfect a formal bill of exception;

(3) The trial court erred by refusing to follow TEX.R.APP.P. 52(c)(6) in that the court failed to articulate any necessary corrections to appellant's formal bill of exceptions;

(4) The trial court erred by refusing to follow TEX.R.APP.P. 52(c)(7) in that the court failed to prepare, sign and file such a bill of exceptions to present the ruling of the court as its actually occurred.

Appellant filed an amended motion for new trial alleging that appellant's trial counsel was ineffective for failing to make a timely *Batson* objection. At the onset of the hearing on appellant's motion, the court was faced with determining whether factual evidence should be heard to perfect the appellant's record on this issue. Appellant argued that factual evidence would be required to prove that if appellant had made a timely objection, he would have prevailed on this issue because the State did not have neutral nondiscriminatory reasons for its peremptory strikes. Appellant argued that prevailing on this issue would have required a reversal for a new trial. The trial court denied appellant's motion for new trial and did not allow him an evidentiary hearing. Appellant then prepared a formal bill of exception to the trial court's denial of a hearing on the motion for new trial and filed it with the court. The bill of exception alleged the following:

### I.

On March 8, 1991, the Honorable Carl Walker, Judge Presiding in the 185th District Court of Harris County, Texas, refused to allow the defendant herein to present evidence at the motion for new trial hearing and, further, refused to allow the defendant herein to present evidence by way of an informal bill of exceptions, pursuant to TEX.R.APP.P. 52(b), at said hearing.

### II.

Not in evidence are the following facts: Defense counsel during trial and the defendant are both black males. The venire panel, through panel member no. 32, included six black members. Five of the black panel members were struck by the prosecution's exercise of peremptory strikes including:

Panelist No. 2, Gary Chavis;
Panelist No. 11, Devan Wade;
Panelist No. 15, Robert Trout;

Panelist No. 16, Marsha Grice; and Panelist No. 30, Barbara Curry. Panelist No. 32, Jeryl Manuel, the only other regular non alternate black panel member was not struck by either the prosecution or the defendant, was not reached in the selection process and did not sit on the jury [footnote omitted]. *The petit jury in the instant case included no black members.*

## III.

Defense counsel did not timely object to the composition of the petit jury selected in the case or to the prosecutions use of peremptory challenges founded on violations of the Fourteenth Amendment to the United States Constitution or Article 35.261, V.A.C.C.P., or both.

## IV.

After the jury was selected and sworn, and after the venire dismissed, defense counsel objected to the prosecution's peremptory strikes and requested a hearing pursuant to *Batson v. Kentucky*, 476 U.S. 76, [79], 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court heard defense counsel's objections, held the motion untimely and denied the motion [footnote omitted].

## V.

The defendant was found guilty of the offense charged by the jury and the trial court assessed punishment at 13 years confinement. The defendant gave timely notice of appeal on January 17, 1991, and appellate counsel was appointed on January 25, 1991. Motion for new trial was filed on January 29, 1991, and an amended motion for new trial was timely filed February 15, 1991, pursuant to Tex. R.App.P. 31(a)(2).

## VI.

The amended motion for new trial alleged defense counsel's untimely *Batson* challenge as rendering ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The entire focus of the amended motion for new trial was to disclose the evidence which would have been otherwise produced but for trial counsel's untimely assertion of his motion to show that the defendant was denied his rights secured under the Fourteenth Amendment and Art. 35.261, supra, due to ineffective assistance of counsel. Subpoenaed and present for the hearing were the jurors struck by the prosecution, trial counsel for both the State and the defense and the defendant. Hearing on the amended motion for new trial was set for March 8, 1991. On said date the prosecution declined to put forth any evidence and the trial judge refused to allow appellate counsel to call witnesses, present evidence or make an oral bill of exception. The court summarily denied the motion for new trial without allowing the evidence contained herein to be introduced.

## VII.

As such, also not in evidence are the facts contained in the following tables which summarize ethnic, demographic and juror background information. The tables are categorized as follows:

(1) the group of ten panelists who were eliminated by the prosecution's exercise of peremptory strikes;

(2) the group of twelve panelists who served on the petit jury; and

(3) the group of ten panelists who were not struck by the prosecution's exercise of peremptory strikes.

The tables follow on the next three pages [footnote omitted]: [tables omitted] ...

## VIII.

Also not in evidence is the testimony of the five black panelists struck by the prosecution. Each panelist would have separately testified that he or she felt no animosity or sympathy for or against the prosecution, the defendant or defense counsel in the case. Further each would have separately testified that he or she was neither inattentive or overtly atten-

tive during either the prosecutions voir dire or voir dire by defense counsel. Further, all white panelists struck by the prosecution would testify to the same assertions as those asserted by the black panelists struck by the prosecution with the exception of Panelist No. 6, Carla Jennings, who would have testified that she was uncomfortable and impatient with both the prosecutor and the defense counsel because she has a medical condition which does not allow her eyes to "water" normally and, as a result, requires medication so as to prevent her eyes from getting dry. Panelist No. 24, Chandrakant Pantel, an Indian from India, would have testified the same as those black and white panelists struck by the prosecution, exclusive of Carla Jennings.

### IX.

Also not in evidence are copies of the Defendant's Motion for New Trial [footnote omitted], Defendant's Amended Motion for New Trial [footnote omitted], Defendant's Application for Subpoenas [footnote omitted], the Defendant's Strike List [footnote omitted], and the Juror Information Sheets [footnote omitted].

### X.

Also not in evidence is the prosecution's explanation for striking all of the black panelists from among the first 32 panelists [footnote omitted], with the exception of Panelist No. 32, Jeryl Manuel, who did not serve because she was not reached when the prosecution and defense strikes were tallied.

The trial court disapproved of the above bill as voluminous and suggested that everything from Roman Numeral II forward be deleted from the bill as surplusage. The trial court also found the statements within Roman Numeral I factually incorrect, and suggested the following language instead:

I did two things, and I'm going to repeat again so you know how I want this written up because I'm going to write it up

as the rules say at the hearing for the motion for new trial.

After listening to counsel for both the State and the defendant, the Court denied the motion for new trial.

Two: The Court denied the defendant to put on evidence relative to—any evidence—I'll put it that way—any evidence.

And that's all that needs to go in there. Appellant disagreed with the court's suggestion. The trial court refused the bill, but did not file his own bill.

■ In appellant's first point of error, appellant complains the trial court erred in denying him an opportunity to develop, during the hearing on his motion for new trial, evidence of his trial counsel's effectiveness or to make an offer of proof. During the motion for new trial, appellant cites several sources for the proposition that a hearing on a motion for new trial is necessary if a factual determination is necessary to determine an issue raised in that motion. *See Green v. State,* 754 S.W.2d 687, 688 (Tex.Crim.App.1988); *McIntire v. State,* 698 S.W.2d 652, 658–660 (Tex.Crim. App.1985). Appellant reurges the same authority on appeal and again argues that failure to allow an evidentiary hearing to preserve the record is reversible error. Nevertheless, the authority appellant cites only supports the proposition that a hearing is required, if necessary to present a sufficient record for appeal. *See Owens v. State,* 763 S.W.2d 489, 492 (Tex.App.—Dallas 1988, pet. ref'd) (reversible error not to afford Owens a hearing to challenge complained of policy in matters involving revocation of probation because it prevented appellant from making a record sufficient for appeal). In the present case, the trial court correctly announced several times during the motion for new trial that the only issue he or the appellate court needs to decide is whether failure to make a timely *Batson* objection rises to the level of ineffective assistance of counsel. We agree with the trial court. The record before us, showing appellant's trial counsel's late *Batson* objection and the trial court's ruling was sufficient information for this

court to review appellant's specific claim of ineffective assistance of counsel. No additional factual inquiry was necessary to effect the trial court's ruling on this issue or this court's review of that decision. Regardless of whether appellant presented overwhelming evidence to support his claim that a *Batson* objection would have been sustained, none of the evidence appellant asked to present would have shown that because of that single error the jury would have reached a different result. That is precisely the inquiry that must be decided on an issue of ineffective assistance of counsel. *See Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopted *Strickland* test for ineffective counsel that requires proof not only that the trial counsel's performance was deficient, but that the deficiency prejudiced appellant's defense). Appellant cites to no authority to support the proposition that failure to make a well-founded *Batson* objection by itself rises to the level of ineffective assistance of counsel. The only evidence appellant announced that he wished to present to the trial court concerned evidence that would have shown that a *Batson* objection should have been sustained. Just because this might have been reversible error, requiring a new trial, if his trial counsel had made a timely *Batson* objection does not make it the type of error that requires reversal on a claim of ineffective assistance of counsel. It also follows that since no evidentiary hearing was required to determine the issue raised in appellant's motion for new trial, no offer of proof was necessary to determine appellant's issue of ineffective assistance of counsel. Finding no reversible error, appellant's point of error one is overruled.

In appellant's second, third and fourth points of error, he complains of the trial court's handling of his formal bill of exception under Tex.R.App.P 52(c). Nevertheless, appellant does not state a basis for reversal in any of these points. Tex. R.App.P. 52(c)(6)–(7) provides that if a trial judge finds a bill incorrect, he shall suggest changes and then, if the party does not agree to the changes, shall file his own bill which, in his opinion, presents the rul-

ing of the court as it occurred. *Cree v. State,* 814 S.W.2d 74, 77 (Tex.App.—Corpus Christi 1991, pet. ref'd). In the instant case, the trial judge suggested changes which were not agreed to, but failed to file his own bill. The trial court obviously concluded that the record was sufficient, since no evidence needed to be included for appellate review of appellant's claim. The offer of proof appellant wished to present was unnecessary in determining appellant's specific claim of ineffective assistance of counsel since it did not concern any evidence on how failure to bring a timely *Batson* objection would have caused the jury to reach a different result. As a result, even if the trial judge erred in following the procedures laid in Tex.R.App.P. 52(c), such error was harmless. This court has no authority to reverse a case unless it is determined beyond a reasonable doubt that the error made no contribution to the conviction or punishment. Tex.R.App.P. 81(b). Appellant's points of error two through four are overruled.

In points of error five and six, appellant contends he was denied effective assistance of counsel under the State and Federal constitutions because his trial counsel did not make a timely *Batson* objection to the State's exercise of peremptory challenges. To prevail in a claim of ineffective assistance of counsel during the guilt or innocent phase of trial, either under the Federal or Texas constitutions, appellant must prove: (1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense. *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopted standard in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In applying this standard, this court will determine whether there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. *Washington v. State,* 771 S.W.2d 537, 545 (Tex.Crim.App.1989), *cert. denied,* 492 U.S. 912, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989) (citation omitted). It is a reasonable probability if the probability is sufficient to undermine confidence in the outcome. *Id.*

Even if appellant proves one or more deficiencies, his counsel's representation will not be viewed through hindsight; and will be judged by the "totality of the circumstances", not single acts or omissions. *Butler v. State*, 716 S.W.2d 48, 54 (Tex. Crim.App.1986).

 Trial counsel's performance was deficient in the present case because he did not raise the *Batson* challenge timely. For this objection to be timely it must be raised after the parties delivered their lists of strikes and before the court impanelled the jury. TEX.CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989); *Cooper v. State*, 791 S.W.2d 80 (Tex.Crim.App.1991). A jury is considered impanelled when the members of the jury have been both selected and sworn. *Price v. State*, 782 S.W.2d 266 (Tex.App.—Beaumont 1989, pet. ref'd). Nevertheless, to satisfy the second prong of the *Strickland* test, appellant must show a reasonable probability that a different result would have occurred but for his trial counsel's ineffective assistance. Appellant's trial counsel did as much as possible considering the evidence against appellant in the present case. The evidence showed that within minutes of the theft of the complainant's car, Simon saw appellant in the stolen Oldsmobile being pushed by a white Nova. When the police went to the address where the Nova was registered, parts from the Oldsmobile were on the driveway being placed into another Oldsmobile. Appellant, who was nearby, matched the description given by Simon and Taylor and was arrested. The police brought appellant to Simon who identified appellant as the one she had seen behind the wheel of the stolen Oldsmobile. Appellant must prove that the black jurors struck, merely by virtue of their skin color, would have rendered a different verdict. Appellant failed to meet the second prong to the *Strickland* test. Appellant's fifth and sixth points of error are overruled.

 In point of error seven, appellant contends he was denied assistance of counsel at a critical stage of the State's prosecution. Appellant, however, failed to show that he was denied counsel at this stage and, how the absence of counsel at this stage in any way prejudiced his subsequent trial. As stated by this court, in *Switzer v. State*, 809 S.W.2d 781, 783 (Tex.App.—Houston [14th Dist.] 1991, no pet.), appellant must show in this circumstance, not only that he was *entitled* to counsel at the PIA hearing, but also that he was *deprived* of counsel at the PIA hearing. There is no indication in the record that appellant ever requested counsel or indicated that he wished to retain counsel for this proceeding. Appellant did not request appointed counsel until the day after the PIA hearing. Appellant cannot now claim he was denied counsel at the PIA hearing if the record does not reflect that he made the court aware he was indigent and wished to have appointed counsel. *Id.* at 783 (citations omitted). Also, failure to provide counsel at the PIA is not grounds for reversal unless such error contributed to either his conviction or punishment. *Whittington v. State*, 781 S.W.2d 338, 341 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd) (citing TEX.R.APP.P. 81(b)(2)); *Switzer v. State*, 809 S.W.2d at 783. Appellant failed to show how the absence of counsel at this stage in any way prejudiced his subsequent trial. The trial court appointed an attorney to represent appellant one day after the PIA hearing. That attorney was thereafter available to set the case for an examining trial on the issues of probable cause and bail prior to indictment. See TEX.CODE CRIM.PROC.ANN. art. 16.01 (Vernon Supp. 1992) (in examining trial, magistrate to "examine into the truth of the accusation made" and "determine the amount or sufficiency of bail"). Had counsel believed an examining trial was necessary, there was ample time for him to have requested one. Appellant's seventh point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.