TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00728-CR






Carl Roberson, aka Robertson, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0964018, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






 A jury convicted appellant Carl Roberson of driving while intoxicated (DWI) enhanced to
a felony in the third degree based on two prior DWI convictions. See Tex. Penal Code Ann. § 49.09
(West 1994). Roberson was assessed punishment at nine years' imprisonment and a $2,500 fine. Id.
§ 12.34. Roberson raises ten points of error in his appeal. We will affirm the judgment of the trial court.



FACTUAL AND PROCEDURAL BACKGROUND

 On August 16, 1996, Department of Public Safety police officers saw Roberson drive the
wrong way down a one-way street in downtown Austin around 3:30 a.m. The officers initiated a traffic
stop, signaling Roberson to pull over. As one officer approached Roberson's Blazer, the truck sped away,
headed the wrong way down another one-way street. The officers pursued the Blazer on its high-speed
and erratic course. At some point during the chase the Blazer's lights went off and the truck narrowly
avoided hitting a taxi. The officers chased the Blazer into a parking garage, whereupon the trapped
Roberson fled on foot. The officers overtook and handcuffed Roberson, and read him his Miranda (1) rights. 
No field sobriety tests were attempted because appellant was so physically aggressive; the officers did note
that appellant's eyes were glassy, his speech slurred, his balance unsteady and that his breath smelled of
alcohol. They took Roberson to a hospital to be treated for a minor laceration he suffered while resisting
arrest. At the hospital, Roberson declined to submit to a blood test after initially consenting. He was
subsequently indicted for driving while intoxicated with a felony enhancement due to at least two prior DWI
convictions. After a jury trial, Roberson was convicted of the felony and assessed punishment at nine
years' imprisonment and a $2,500 fine. 


ANALYSIS

Motion for Continuance

 In point of error one, appellant claims the trial court erred in not granting a motion for
continuance when the State announced for the first time on the day of trial it would seek a deadly weapon
finding. The granting or denial of a motion for continuance is within the sound discretion of the trial court. 
See Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995) (citing Tex. Code Crim Proc.
Ann. art. 29.06(6) (West 1990)). To find an abuse of discretion in the court's refusal to grant a motion
for continuance, we must determine that the defendant was prejudiced by his counsel's inadequate
preparation time. See id. (citing Duhamel v. State, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986)). In the
present case, the deadly weapon issue was not submitted to the jury nor mentioned in the judgment. 
Roberson has made no showing that he was harmed by going forward to trial; therefore, we find he was
not prejudiced by inadequate preparation time. 

 Roberson claims that Ex Parte Patterson negates his obligation to show harm under these
circumstances. See 740 S.W.2d 766 (Tex. Crim. App. 1987). We disagree. In that case, as in this one,
the State did not plead an averment of a deadly weapon in the indictment, but in Patterson the issue was
submitted to the jury which then returned a verdict that a deadly weapon was used. Although the defendant
did not object to the jury charge, the court of criminal appeals found that the lack of notice flowing from
omitting any reference to the deadly weapon in the indictment was fundamental error in light of the trial and
verdict: 


Indeed, applicant and the State joined issue on the deadly weapon determination, if at all,
only after all the evidence was in, both sides had closed, and the charge was read to the
jury. Inasmuch as applicant's criminal trial operated also as a forum for litigating the deadly
weapon issue, it was conducted ex parte. In no event could it be said under these
circumstances that a 'fair and impartial' proceeding occurred.



Id. at 777 (citations omitted). 

 In the present case, the lack of notice did not result in such harm. The jury was not asked
to find that Roberson had used a deadly weapon and the judgment contained no reference to a deadly
weapon finding. The lack of notice did not effect an unfair proceeding under these circumstances, which
we distinguish from those in Patterson. Because Roberson has demonstrated no harm, we hold that the
trial court did not abuse its discretion in denying his motion for continuance and we overrule point of error
one.


Evidence of Refusal to Give Blood Sample

 In point of error three, Roberson contends the trial court erred by admitting evidence of
his refusal to give a blood specimen because the court had previously suppressed this evidence. At the
pretrial hearing Officer Michael Baumann testified that the required statutory warning regarding a refusal
had not been given orally and in writing to the appellant; as a consequence the court granted Roberson's
motion to suppress evidence of the blood test refusal. At trial, Officer Baumann changed his testimony to
state that he had given the warning to the appellant before attempting to administer a blood test. After this
testimony the court overruled Roberson's objection and evidence of his refusal was admitted before the
jury. Roberson then had the opportunity to cross-examine Officer Baumann regarding the reversal in his
testimony. 

 Appellant claims that once a court orders the suppression of evidence the evidence must
stay suppressed. We disagree. A trial court has the discretion to rescind its own order from a pretrial
suppression hearing and subsequently admit the same evidence at trial. See Montalvo v. State, 846
S.W.2d 133, 138 (Tex. App.--Austin 1993, no pet.) (pretrial ruling is tentative and subject to revision at
trial). We find the trial court did not abuse its discretion by admitting evidence of Roberson's refusal to
submit to the blood test. We overrule point of error three.

 In point of error four, Roberson challenges evidence of his refusal to give a blood sample
on a different ground. Specifically, he claims that the blood test was administered before the officer
provided the statutory warning. At the hospital, Officer Baumann read the statutory warning and gave a
written form to Roberson. Roberson read the form himself as the nurse began preparing his arm for the
blood test. He suddenly refused to give a specimen. Blood was never drawn nor was a needle ever
brandished. 

 The Transportation Code provides that "[b]efore requesting a person to submit to the
taking of a specimen, the officer shall inform the person orally and in writing that if the person refuses to
submit to the taking of the specimen, that refusal may be admissible in a subsequent prosecution. . . ." Tex.
Transp. Code Ann. § 724.015 (West 1998). Roberson asks us to rule that because the nurse had touched
his arm, the warning was untimely given, making his refusal inadmissible. We reject such a hyper-technical
reading of the statute. Roberson was given the warning before blood was drawn; indeed no needle had
been taken out of the kit at the time of his refusal. The court correctly admitted evidence of his refusal. 
See id. We overrule point of error four.


Directed Verdict

 In his fifth point of error, Roberson claims the trial court erred in denying his motion for
directed verdict because the State totally failed to produce evidence that he was intoxicated. A challenge
to the denial of a motion for directed verdict is essentially a challenge to the legal sufficiency of the evidence. 
See Cook v. State, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993). Thus we review the evidence in the
light most favorable to the verdict to determine if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Ransom v State, 789 S.W.2d 572, 577 (Tex.
Crim. App. 1989), cert. denied, 497 U.S. 1010 (1990). The standard of review is the same for both
direct and circumstantial evidence. See Chambers v. State, 711 S.W.2d 240 (Tex. Crim. App. 1986)
(citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)), on remand, 738 S.W.2d 780 (Tex. App.--Fort
Worth 1987, no writ). 

 Appellant specifically complains that not one witness directly opined that he was
intoxicated. At trial Officer Baumann testified to several events from which the jury could infer that
Roberson was intoxicated beyond a reasonable doubt: (1) Roberson drove quickly away as the officers
approached his truck after initiating a traffic stop; (2) he twice drove the wrong way down a one-way
street; (3) he refused to pull over and engaged the officers in a high-speed chase; (4) he fled on foot from
his truck after becoming entrapped in a parking garage; (5) he resisted arrest; (6) his eyes were glassy, his
speech slurred, he had trouble walking, and he smelled of alcohol; and (7) he refused to take a blood
alcohol test. The officer concluded by stating that he had an opinion as to whether appellant was
intoxicated. Roberson moved for a directed verdict, attempting to point out the inadequacy of the State's
case. The trial court denied the motion because it determined the officer had opined that Roberson was
intoxicated. We find that the State's evidence of appellant's behavior plus the implicit opinion by Officer
Baumann of Roberson's intoxication was legally sufficient to support the verdict; the trial court did not err
in denying appellant's motion for directed verdict. We overrule point of error five.


Reopening the Case

 In point of error six, Roberson contends the trial court erred in allowing the State to reopen
its case after he moved for a directed verdict. A trial court may allow additional testimony to be introduced
at any time before the conclusion of arguments if the testimony appears to be necessary to the due
administration of justice. Tex. Code Crim. Proc. Ann. art. 36.02 (West 1981). The court's decision is
reviewed on appeal for an abuse of discretion. See Boatright v. State, 472 S.W.2d 765, 770 (Tex. Crim.
App. 1971) (no abuse of discretion when State, with court's permission, reopened case after appellant had
made motion for instructed verdict); Wolf v. State, 674 S.W.2d 831, 842 (Tex. App.--Corpus Christi
1984, pet. ref'd) (decision to reopen left to sound discretion of trial judge even when accused has
previously moved for an instructed verdict). 

 After the State presented evidence and rested, Roberson moved for a directed verdict
which the court denied. With the court's permission, the State reopened its case and recalled Officer
Baumann to the stand. We find Boatright and Wolf apposite. A reversal is unwarranted absent a showing
the trial court abused its discretion in allowing the State to reopen. See Boatright, 472 S.W.2d at 770. 
Roberson has shown none here. The State could have elicited the same testimonial evidence in its rebuttal. 
Under these circumstances no harm or prejudice befell the appellant. See Choice v. State, 883 S.W.2d
325, 327 (Tex. App.--Tyler 1994, no pet.) (court did not abuse its discretion in allowing State to reopen
after appellant's motion for instructed verdict when appellant failed to show harm or prejudice). We
overrule point of error six.

The Prior Conviction

 In point of error seven, Roberson challenges the evidence as legally insufficient to support
the conviction for a DWI felony because evidence of a prior conviction demonstrated a fatal variance. 
Under section 49.09 of the Texas Penal Code, if a person convicted of driving while intoxicated has been
twice previously convicted of an offense relating to driving while intoxicated, the conviction shall be a felony
in the third degree. Tex. Penal Code Ann. § 49.09 (West 1994). The prior convictions are considered
essential elements of the felony offense which must be alleged and proved. See McGrew v. State, 367
S.W.2d 702, 703 (Tex. Crim. App. 1963). Specifically, Roberson argues the indictment charging the
present felony alleges that a conviction for Cause No. 4469 occurred on December 18, 1995, while the
proof at trial revealed a judgment finding appellant guilty in Cause No. 4469 on January 11, 1996. 
Appellant contends such fatal variance requires a reversal. 

 The record reveals that in Cause No. 4469, Judge Wilford Flowers signed a judgment
which states:


On the 18th day of December 1995, this cause being called . . . the Court is of the opinion
that the said defendant is guilty as confessed of [DWI] . . . . It is therefore
CONSIDERED ORDERED, ADJUDGED AND DECREED by the Court that the
defendant, Carl Roberson is guilty of the offense of Driving While Intoxicated . . .


Cause No. 4469 was heard and the court found appellant guilty on December 18, 1995. The above
judgment was subsequently signed on January 11, 1996. We find no variance here of a fatal nature
between the dates of indictment and the evidence; the January 11, 1996 judgment indicates that the
pronouncement of guilt occurred on December 18, 1995. Furthermore, the variance between the
indictment and the evidence must be material; to be material the variance must be such as to surprise or
mislead the party to his prejudice. See Zimmerlee v. State, 777 S.W.2d 791, 792 (Tex.
App.--Beaumont 1989, no pet.); see also Human v. State, 749 S.W.2d 832, 838 (Tex. Crim. App.
1988) (requiring surprise or insufficient notice in order for variance to be fatal). Roberson has not alleged
surprise or confusion nor can we find any reason why the indictment in the instant case would have caused
such. Because the evidence is legally sufficient to support the prior conviction in Cause No. 4469 as an
element of the felony offense, we overrule point of error seven.

 In point of error eight, Roberson claims his prior conviction in Cause No. 4469 cannot
enhance the present offense to a felony level because he was not admonished in writing of the range of
punishment before he pleaded guilty in that cause. At trial, the State introduced exhibit 4A which included
a judgment of guilty for driving while intoxicated in Cause No. 4469. Roberson affirmatively declined to
object to its submission into evidence. The failure to object at trial to the introduction of proof of an
allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction based on the
improper utilization of the prior conviction. See Hill v. State, 633 S.W.2d 520, 525 (Tex. Crim. App.
1981) (citing Nichols v. Estelle, 556 F.2d 1330, 1331 (5th Cir. 1977), cert. denied, 434 U.S. 1020
(1978)). (2) Allowing a collateral attack on a recent conviction on the basis of a defect in a prior conviction
when an objection could have been raised "serves not justice but mere perseverance." Hill, 633 S.W.2d
at 524. We find Hill controlling in these circumstances where Roberson failed to object to the introduction
into evidence of the prior conviction in Cause No. 4469. We overrule point of error eight.


Ineffective Assistance of Counsel

 In point of error nine, appellant claims he was denied effective assistance of counsel
because his attorney failed to preserve error with respect to the above prior conviction by (1) failing to
obtain a ruling on a motion to quash the prior conviction as an enhancement, and (2) failing to object to its
introduction. The United States Supreme Court has established a two-prong test for determining whether
there was ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). In
Strickland, the Court held that a convicted defendant must first show that counsel's performance was
deficient to the extent that counsel failed to function as the counsel guaranteed by the Sixth Amendment,
i.e., counsel's performance fell below a minimum objective level of reasonableness under prevailing
professional norms. Id. at 687-88. Second, the defendant must demonstrate that he was prejudiced by
such performance, i.e., that absent counsel's unprofessional errors, the result of the trial would have been
different. Id. at 691-92. The defendant must satisfy both prongs in order to prove that the conviction
resulted from a breakdown in the adversary process that renders the result unreliable. Id. at 686. Texas
has adopted this two-prong test. See Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

 Roberson claims his trial counsel's failure to obtain a ruling and to object was deficient
because his counsel allowed into evidence a defective prior conviction. Without deciding whether his trial
counsel's performance fell below the minimum standard, we find that Roberson does not satisfy the second
prong of the Strickland test. Appellant must prove that but for his counsel's failures the trial would have
resulted in a different outcome. See Strickland, 466 U.S. at 692-92. Thus, he must prove that the trial
court would have found the prior conviction defective and barred the evidence. As proof of its
defectiveness, he contends the trial court did not admonish him in writing on the range of punishment before
he pleaded guilty in the prior conviction as required by article 26.13 of the Texas Code of Criminal of
Criminal Procedure. Prior to accepting a plea of guilty, a trial court is required to admonish the defendant
of the range of punishment either orally or in writing. Tex. Code Crim. Proc. Ann. art. 26.13(d) (West
1989). The judgment in the prior conviction reveals that the trial court did, in fact, orally admonish
Roberson on the range of punishment. Furthermore, Roberson failed to provide in the appellate record
a full statement of facts from the conviction in question. Absent any showing by Roberson that the trial
court did not orally admonish him, we must assume the record is correct. As such, the trial court would
have reasonably denied a motion to quash the enhancement and overruled any objection to the submission
of the prior conviction. Because Roberson has failed to show that the result of his trial would have been
different had his counsel obtained a ruling or objected, we overrule point of error nine.

 In point of error two, Roberson claims he was denied effective assistance of counsel during
jury voir dire because his attorney failed to preserve error on the trial court's denial of a challenge for cause
to a panelist. (3) Again, we apply the two-prong Strickland test. Without deciding whether his counsel's
performance fell below the minimum standard, we find Roberson does not satisfy the second prong of the
Strickland test. Roberson makes no showing that the result of his trial would have been different had his
counsel properly preserved the error for appeal. See Strickland, 466 U.S. at 692-92. 

 In Batiste v. State, the court of appeals determined the appellant's evidence that his trial
counsel failed to make a timely Batson (4) objection did not demonstrate prejudice such that the jury would
have reached a different result. 834 S.W.2d 460, 465 (Tex. App.--Houston [14th Dist.] 1992), aff'd,
888 S.W.2d 9 (Tex. Crim App. 1994). On review, the court of criminal appeals held that Strickland's
second "prejudice" prong was properly applied to the appellant's ineffective assistance of counsel claim
for failure to raise a Batson objection, and the court affirmed the conviction. Batiste, 888 S.W.2d at 16-17. We find Batiste controlling. Because Roberson has failed to show that his counsel's failure to preserve
error prejudiced him or changed the outcome of the trial, we overrule point of error two.



Expert Witness

 Roberson claims the trial court erred in allowing a witness to give expert opinion evidence
when the witness was not "tendered as an expert." At trial the State called Officer Ricky Crislip to identify
the fingerprints on prior conviction documents as appellant's fingerprints. After stating that he was a
fingerprint specialist for the Austin Police Department, Officer Crislip further testified to his training and
experience and to the theory and manner of fingerprint identification. When the State asked the officer his
opinion regarding the fingerprints in question, appellant objected that the officer had not been tendered as
an expert. The trial court overruled the objection. A witness qualifying as an expert by knowledge, skill,
experience, training, or education, may testify in the form of an opinion. Tex. R. Crim. Evid. 702. Before
the witness gives an opinion the opposing party shall be permitted to conduct a voir dire examination
directed to the underlying facts upon which the opinion is based. Id. 705(b). If the court determines that
the expert does not have sufficient basis for an opinion then the opinion is inadmissible. Id. 705(c). In the
instant case, although Roberson objected he never sought to voir dire Officer Crislip in order to examine
his qualifications or prove that the officer was not qualified to render an expert opinion. There is no
evidence to indicate why the court should have found the officer's opinion inadmissible. Without a request
to examine the witness under rule 705, this Court is precluded from hearing Roberson's appeal. See
Jenkins v. State, 912 S.W.2d 793, 813-14 (Tex. Crim. App. 1993) (although appellant objected to
witness's expert testimony, failure to take witness on voir dire did not preserve appeal). We overrule point
of error ten.


CONCLUSION

 Finding no error in the proceedings below, we affirm the judgment of the trial court.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 8, 1998

Do Not Publish

1. Miranda v. Arizona, 384 U.S. 436 (1966).
2. The waiver of error due to the failure to object in Hill has been distinguished from circumstances
in which the defendant did object to the introduction of a prior conviction, Fullbright v. State, 818
S.W.2d 808, 809 (Tex. Crim. App. 1991), and circumstances in which the judgment in the prior conviction
has been previously declared void, Ex parte Russell, 738 S.W.2d 644, 645-46 (Tex. Crim. App. 1987). 
Neither circumstance occurred in the instant case.
3. After the trial court denied the challenge for cause, Roberson's counsel used a peremptory strike
on the panelist; however, he failed to request an additional peremptory strike and identify an objectionable
panelist which appellant was forced to accept. Thus, Roberson's counsel failed to preserve error. See
Adanandus v. State, 866 S.W.2d 210, 220 (Tex. Crim. App. 1993). 
4. Batson v. Kentucky, 476 U.S. 29 (1986).


rong Strickland test. Without deciding whether his counsel's
performance fell below the minimum standard, we find Roberson does not satisfy the second prong of the
Strickland test. Roberson makes no showing that the result of his trial would have been different had his
counsel properly preserved the error for appeal. See Strickland, 466 U.S. at 692-92. 

 In Batiste v. State, the court of appeals determined the appellant's evidence that his trial
counsel failed to make a timely Batson (4) objection did not demonstrate prejudice such that the jury would
have reached a different result. 834 S.W.2d 460, 465 (Tex. App.--Houston [14th Dist.] 1992), aff'd,
888 S.W.2d 9 (Tex. Crim App. 1994). On review, the court of criminal appeals held that Strickland's
second "prejudice" prong was properly applied to the appellant's ineffective assistance of counsel claim
for failure to raise a Batson objection, and the court affirmed the conviction. Batiste, 888 S.W.2d at 16-17. We find Batiste controlling. Because Roberson has failed to show that his counsel's failure to preserve
error prejudiced him or changed the outcome of the trial, we overrule point of error two.



Expert Witness

 Roberson claims the trial court erred in allowing a witness to give expert opinion evidence
when the witness was not "tendered as an expert." At trial the State called Officer Ricky Crislip to identify
the fingerprints on prior conviction documents as appellant's fingerprints. After stating that he was a
fingerprint specialist for the Austin Police Department, Officer Crislip further testified to his training and
experience and to the theory and manner of fingerprint identificati