Affirmed and Majority and Concurring Opinions filed July 14, 2005













Affirmed and Majority and Concurring Opinions filed
July 14, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00458-CV

____________

 

IN THE INTEREST OF
K.M.H.

 

 



 

On Appeal from the 300th
District Court

Brazoria County, Texas

Trial Court Cause No. 23903*RH03

 



 

C O N C U R R I N G   O P I N I O N

I agree with the majority=s conclusion that
Hoback failed to prove ineffective assistance of counsel in this case.  However, I write separately to express my
disagreement with the majority=s analysis in
reaching that conclusion.

                                             Request
for Jury Trial








The majority simply states that Hoback=s second appointed
trial counsel did not request a jury on his behalf.  I do not think it is clear that no such
request was made.  The record shows that
on February 10, 2004, the trial court signed an order appointing new counsel
for both Hoback and Kite.  Apparently, new
counsel was confused, thinking she represented only Kite, and filed a written
jury request on her behalf only on February 27, 2004.  At a pretrial hearing on March 9, 2004,
counsel renewed her Aearlier@ request for a
jury trial.  The court clarified that
counsel in fact represented both parents and then denied all her various motions,
including the jury request, and the termination hearing was held on March 15,
2004.  Given that the trial court denied
counsel=s oral motions
after clarifying that she represented both parties, the record could be
interpreted that trial court considered counsel=s request as
applying to both parties.

AThe right to jury trial is one of our
most precious rights, holding >a sacred place in English and American history.=@ 
Gen. Motors Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex.1997) (orig.
proceeding) (quoting White v. White, 196 S.W. 508, 512 (Tex. 1917)).  Restrictions placed on that right will be
subjected to the utmost scrutiny.  In
re J.C., 108 S.W.3d 914, 917 (Tex.
App.CTexarkana 2003, no
pet.).  Given the ambiguous circumstances
and the importance of the right to a jury trial, I would find that counsel did
in fact request a jury for Hoback, albeit untimely.

Though whether to try a case to a judge or
jury is a strategic choice, once the decision is made to request a jury, it should
be done timely.  Making an untimely jury
demand is not a reasonable strategic choice. 
Cf. Batiste v. State, 834 S.W.2d 460, 466 (Tex. App.CHouston [14th
Dist.] 1992) (finding trial counsel=s performance
deficient because he did not raise his Batson challenge timely), aff=d, 888 S.W.2d 9
(Tex. Crim. App. 1994).  Thus, I would
conclude that, because her jury request was untimely, her performance was
deficient under the first prong of Strickland.  Strickland v. Washington,
466 U.S. 668, 687 (1984); In
re M.S., 115 S.W.3d 534, 545 (Tex.
2003).








Having found deficient performance, I
would next analyze whether Hoback was harmed by the deficiency.  Strickland, 466 U.S. at 687; In
re M.S., 115 S.W.3d at 545; see also Johnson v. State, __ S.W.3d __,
No. PD-1623-03, 2005 WL 1225158, at *5 (Tex. Crim. App. May 25, 2005) (holding
that Strickland harm analysis applies to all misconduct claims flowing
from conduct of defense counsel unless claims involve a complete denial of
counsel, a conflict of interest, or a structural defect[1]).  The majority states that Hoback was not
harmed because Athe record reflects no material issues of
fact existed and an instructed verdict would have been justified.@  While that is the harm standard for denial of
a jury trial in a typical civil case, see Halsell v. Dehoyos, 810 S.W.2d
371, 372 (Tex. 1991), I disagree that we should apply that standard to a claim
alleging ineffective assistance of counsel based on an untimely jury request in
a case involving the termination of parental rights.  The parent-child relationship is one of
constitutional dimension, and a termination decree is complete, final, and
irrevocable.  In re V.R.W., 41
S.W.3d 183, 189B90 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  Parental rights
termination cases involve inherent discretion by the fact finder to decide,
even if all acts alleged in support of the termination are true, whether
termination is in the best interest of the child at that point in time.  Rather, I would apply the typical
ineffective assistance of counsel standard and find harm if the deficient
performance undermined confidence in the outcome of the proceeding.  See Strickland, 466 U.S. at 694; see
also In re B.W., No. 14-03-00068-CV, 2004 WL 2749138, at *5 (Tex. App.CHouston [14th
Dist.] Dec. 2, 2004, pet. denied) (mem. op.) (applying Strickland harm
standard to ineffective assistance of counsel claim based on failure to request
a jury in a parental termination case).

Even under this standard, I would conclude
that Hoback has not shown harm.  He does
not explain how he was prejudiced by the failure to request a jury, stating
only that AHoback should not have been terminated
without the benefit of a jury trial.@  That is insufficient to undermine confidence
in the outcome of the proceeding.  Thus,
I agree with the majority=s ultimate conclusion that Hoback has not
shown ineffective assistance of counsel based on counsel=s untimely request
for a jury trial.








                                                 Presence
at Trial

The majority
analyzes an inmate=s right to appear at a termination hearing
under the typical standard for granting or denying a request for a bench
warrant.  I believe this standard does
not adequately protect the rights of the parent and thus does not apply in the
termination context.[2]  Termination is a serious proceeding, and a
parent=s presence, or
lack thereof, can be quite significant, especially for an incarcerated
parent.  As the Texarkana Court of
Appeals has explained,

The absence of a
parent at the trial to terminate his or her parental rights is prejudicial to
the parent.  The parent=s absence could
leave the fact-finder with the impression that the proceeding is not important
to the parent.  Furthermore, because of
the obvious negative connotations associated with a parent who is incarcerated,
it is important for the fact-finder to witness the demeanor and credibility of
the parent.  In short, the presence, or
nonpresence, of the parent in the courtroom at his or her termination hearing
is vital to the fact-finder=s decision to
terminate a parent=s rights to his or her child.   

In re J.D.S., 111 S.W.3d 324, 327 (Tex. App.CTexarkana 2003, no
pet.).  Thus, I believe that, absent
extraordinary circumstances, any request on behalf of an incarcerated parent to
be present at a termination hearing should be granted.








Despite the importance of a parent=s presence at a
termination hearing, a strategic choice not to appear is possible.  In the motion for new trial hearing, Hoback=s counsel seemed
to imply that her failure to secure Hoback=s presence was an
oversight or mistake.  However, CPS
pointed out that the record actually was silent on whether this was a tactical
decision, and Hoback=s counsel did not put on any evidence to
the contrary or respond to that argument in any way, though having the
opportunity to do so.  At best, the
record is conflicting regarding whether the failure to request a bench warrant
was strategy or mistake, and in reviewing allegations of ineffective assistance
of counsel, we presume competent performance. 
In re M.S., 115 S.W.3d at 545. 
Because the record here is insufficient to overcome the presumption of
competence, I agree that Hoback cannot show ineffective assistance of counsel
based on the failure to secure his presence at the termination hearing.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Majority and Concurring Opinions filed July 14, 2005.

Panel consists of Justices Yates, Anderson,
and Hudson (Hudson J., joining concurrence) (Anderson J., majority).











[1]  The Court of
Criminal Appeals has held that structural defects are only those so labeled by
the United States Supreme Court, which does not include the errors at issue in
this case.  See Johnson, 2005 WL
1225158, at *7; Gray v. State, 159 S.W.3d 95, 96B97 (Tex. Crim. App. 2005).





[2]  The case the
majority relies upon, In re Z.L.T., 124 S.W.3d 163 (Tex. 2003), involves
a petition to establish paternity rather than the termination of parental
rights.