

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00381-CR

THOMAS LEON BYRD,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee


**From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-1658-C2**


## MEMORANDUM OPINION


A jury found Appellant Thomas Leon Byrd guilty on a three-count indictment of possession of cocaine in an amount of one gram or more but less than four grams, possession of less than one gram of methamphetamine, and evading arrest or detention with a prior evading conviction. Byrd pleaded true to the enhancement and habitual allegations, and the jury assessed punishment at eighty years, twenty years, and twenty years, respectively. The trial court ordered the sentences to run consecutively with a sentence for which Byrd was on parole at the time of these three offenses.

Byrd filed a motion for new trial alleging that his trial attorney was ineffective for failing to make a timely *Batson* challenge and that the order for consecutive sentences was an Eighth Amendment violation. After a hearing, the trial court denied the motion for new trial. Byrd appeals, raising three issues. We will affirm.

In his first issue, Byrd contends that he received ineffective assistance of counsel because his trial attorney failed to make a timely *Batson* challenge. Because Bird presented his ineffective-assistance claim to the trial court in his motion for new trial, his first issue is actually a challenge to the trial court's denial of his motion for new trial, which we review for an abuse of discretion. *Bates v. State,* 88 S.W.3d 724, 727-28 (Tex. App.—Tyler 2002, pet. ref'd).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) trial counsel's representation fell below an objective standard of reasonableness, based on the prevailing professional norms; and (2) there is a reasonable probability that, but for trial counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-95, 104 S.Ct. 2052, 2064-69 (1984); *Dewberry v. State*, 4 S.W.3d 735, 737 (Tex. Crim. App. 1999). The defendant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

We assume without deciding that, with respect to the *Batson* preservation issue, Byrd established the first prong at the new-trial hearing. Therefore, we turn to the second prong, also known as the prejudice prong. *See Perez v. State,* 310 S.W.3d 890,

892-93 (Tex. Crim. App. 2010); *Batiste v. State,* 888 S.W.2d 9, 14-15 (Tex. Crim. App. 1994).

If a defendant prevails on a *Batson* issue on appeal, he is entitled to a new trial. *Kassem v. State,* 263 S.W.3d 377, 382 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Whitsey v. State,* 796 S.W.2d 707, 716 (Tex. Crim. App. 1989) (plurality op.)).  But in the context of an ineffective-assistance claim for failure to timely make a *Batson* challenge, a defendant must show prejudice.  *Batiste,* 888 S.W.2d at 15.  In other words, the defendant must show that there is a reasonable probability that the result of the proceeding would have been different; *i.e.,* that one or more of the improperly struck jurors would have rendered a different verdict.  *See Batiste v. State,* 834 S.W.2d 460, 466 (Tex. App.—Houston [14th Dist.] 1992), *aff'd,* 888 S.W.2d 9 (Tex. Crim. App. 1994).  Byrd presented no such evidence, nor did he present evidence that, because of his trial counsel's untimely *Batson* challenge, he was forced to accept an objectionable juror or that the selected jury was incapable of providing the impartial tribunal necessary to ensure the proper functioning of the adversarial system.  *See Butler v. State,* No. 02-02-00304-CR, 2003 WL 21983262, at *4-5 (Tex. App.—Fort Worth Aug. 21, 2003, pet. ref'd) (mem. op., not designated for publication) (citing *Batiste,* 888 S.W.2d at 17).  And *Batson* itself tolerates no assumptions about juror competence or impartiality on account of race.  *Batiste,* 888 S.W.2d at 16; *see also Butler,* 2003 WL 21983262, at *4.

For these reasons, the trial court did not abuse its discretion in denying Byrd's motion for new trial on ineffective assistance of counsel, and we overrule his first issue.

We next turn to Byrd's third issue, which asserts that the trial court's imposition of consecutive sentences without explanation or reasons violates the Eighth Amendment. The Court of Criminal Appeals, however, has settled that issue adversely to Byrd: "a trial judge's decision to cumulate under Texas Code of Criminal Procedure, Article 42.08(a), is 'a normative, discretionary function that does not turn on discrete findings of fact.' As a result, when a trial judge lawfully exercises the option to cumulate, that decision is unassailable on appeal." *Beedy v. State,* 250 S.W.3d 107, 110 (Tex. Crim. App. 2008) (quoting and citing *Barrow v. State,* 207 S.W.3d 377, 380-81 (Tex. Crim. App. 2006)). Therefore, we overrule issue three.

We conclude with Byrd's second issue, which asserts that the trial court impermissibly ordered Byrd's sentences in this case to run consecutively with a 2008 sentence for which he was on parole at the time of the offenses in this case.

The record reflects that on July 8, 2008, Byrd was convicted of the offense of possession of a controlled substance (cocaine) with intent to deliver in case no. 2007-1823-CR in the 19th District Court of McLennan County. He was sentenced to fifteen years' imprisonment, and from the record it is clear that Byrd was on parole when the instant offenses were committed. After the trial court imposed Byrd's sentences, the State requested that the trial court order them to run "consecutive to his parole." The trial court agreed, and each of Byrd's judgments of conviction states: "The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: 2007-1823-CR."

Byrd argues that, because there is no evidence Byrd's parole had been revoked, the trial court's cumulation order impermissibly ordered Byrd's sentences to run consecutively with some future sentence. *See, e.g., Bollman v. State,* No. 02-08-00061-CR, 2009 WL 161032, at \*5 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (mem. op., not designated for publication). But irrespective of parole revocation, we and other courts have held that a trial court may stack a new sentence on a prior sentence for which the defendant is on parole. *McGown v. State,* No. 10-12-00092-CR, 2013 WL 5494676, at \*9 (Tex. App.—Waco Sept. 26, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Hill v. State,* 213 S.W.3d 533, 538 (Tex. App.—Texarkana 2007, no pet.); *Wilson v. State,* 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993, pet. ref'd); *Jimenez v. State,* 634 S.W.2d 879, 881-82 (Tex. App.—San Antonio 1982, pet. ref'd); and *Sanchez v. State,* No. 02-11-00018-CR, 2012 WL 171295, at \*2-3 (Tex. App.—Fort Worth Jan. 19, 2012, no pet.) (mem. op., not designated for publication). We decline to depart from that precedent and overrule Byrd's second issue. Having overruled Byrd's three issues, we affirm the trial court's judgments on each count.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed January 22, 2015
Do not publish
[CRPM]

