**Lorenzo Dow McGREW, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35732.**

Court of Criminal Appeals of Texas.

May 15, 1963.

Clay Coggins, Roby, J. W. Reid, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

· The conviction is for the subsequent offense of driving while intoxicated; the punishment, six months in jail and a fine of $200.

The evidence sufficiently shows that the appellant Lorenzo Dow McGrew was guilty of the offense of driving while intoxicated on September 27, 1962.

To support the prior conviction alleged the state introduced in evidence certified copies of the complaint, information and judgment in Cause No. 4912 in the County Court of Nolan County, wherein Lorenzo D. McGrew was convicted on May 10, 1947, of the misdemeanor offense of driving while intoxicated.

Officer Adams testified that the appellant exhibited his Texas Operator's license No. 2760530 when he was arrested on September 27, 1962, for driving while intoxicated. For the purpose of identifying the appellant as the person previously convicted as alleged the state introduced a certified copy of the Driver's Records of the Texas Department of Public Safety showing that Operator's License No. 2760530 was originally issued to Lorenzo Dow McGrew on August 21, 1947, and his physical description was shown thereon. This license has been renewed to expire August 19, 1963. The certificate of said record also included the notation:

"5–10–47 Convicted for driving while intoxicated in Cause #4912, County Court, Nolan County, Texas, filed 5–9–47."

The appellant did not testify.

The original operator's license was issued to Lorenzo Dow McGrew on August 21, 1947, which was more than three months after the conviction of Lorenzo D. McGrew on May 10, 1947. The operator's license exhibited by the appellant to the arresting officer on September 27, 1962, was not introduced in evidence, and its contents are not shown in the record. There is no testimony that the accused named in the judgment of conviction dated May 10, 1947, is the same person as the appellant. The notation appearing in the operating record of Lorenzo Dow McGrew of a conviction on May 10, 1947, in Nolan County, does not identify the appellant as the Lorenzo D. McGrew named in the 1947 judgment of conviction.

There is no evidence except for the similarity of names to the extent shown and the notation appearing in the driving record that the appellant is the same person convicted on May 10, 1947, in Nolan County.

 In Johnson v. State, 160 Tex.Cr.R. 290, 269 S.W.2d 393, this court said:

"The fact that a defendant has been previously convicted of the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated is an essential part of the felony offense which must be alleged and proved, and without such proof the evidence is insufficient to sustain the conviction. A necessary part of this proof is the identification of the defendant as the person previously convicted."

In Goolsby v. State, 166 Tex.Cr.R. 180, 312 S.W.2d 654, 655, the accused had been issued an operator's license the suspension of which was the basis of the offense charged of driving while his license was suspended. In the case at bar, according to the evidence, the appellant had *not* been issued an operator's license on May 10, 1947.

The evidence is insufficient to identify the appellant as the same person who was convicted in the prior cause alleged.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.