Malcolm Howard WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–81–120–CR.
(No. 61800).

Court of Appeals of Texas, Austin.

May 26, 1982.

Stephen M. Orr, Orr, Davis, Sanders & Beaver, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., First Asst. Dist. Atty., Austin, for appellee.

PER CURIAM.

This is an appeal from a judgment of conviction for driving while intoxicated, subsequent offense. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–2 (Supp.1981). After a non-jury trial, punishment was assessed by the court at confinement in the Texas Department of Corrections for two years, probated.

By a single ground of error, appellant contends the evidence is insufficient to show that he is the same person previously convicted of driving while intoxicated as alleged in the indictment. The sufficiency of the evidence is not otherwise challenged.

We will sustain the ground of error.

The record reveals that a certified copy of a 1976 judgment, in which a person named Malcolm Howard White was shown to have been convicted of a misdemeanor driving-while-intoxicated charge, was admitted into evidence without objection from appellant. The cause number of the prior judgment matched that alleged in the indictment, and appellant stipulated that the judgment was the same as alleged. Not shown or stipulated, however, was the identity of appellant as the same person previously convicted.

In a prosecution for driving while intoxicated, subsequent offense, it is essential that the accused be identified as the same person previously convicted. The prior judgment alone, containing the same name as the accused's, is insufficient to supply the identification. *McGrew v. State*,

367 S.W.2d 702 (Tex.Cr.App.1963); *Wilson v. State*, 169 Tex.Cr.R. 61, 331 S.W.2d 223, 224 (1960); *Eugene v. State*, 317 S.W.2d 203 (Tex.Cr.App.1958); *Johnson v. State*, 160 Tex.Cr.R. 314, 269 S.W.2d 393, 394 (1954).

Inasmuch as appellant was not adequately identified as the same person previously convicted, we conclude the evidence is insufficient to support the *felony* conviction. Because the evidence is otherwise sufficient, however, we also conclude the trial court was authorized to find appellant guilty of the lesser-included offense of misdemeanor driving while intoxicated. *Ex parte Arnold*, 574 S.W.2d 141, 142 (Tex.Cr. App.1978). *See also Cooper v. State*, 631 S.W.2d 508 (Tex.Cr.App.1982).

The judgment of the trial court is reversed, and the cause is remanded. The trial court is instructed to enter a judgment of conviction for the misdemeanor offense of driving while intoxicated and to assess punishment accordingly. *Ex parte Arnold, supra.*

Reversed and remanded with instructions.

PHILLIPS, C. J., not sitting.