MCDOWELL V. STATE 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-530-CR

CHARLES MCDOWELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

A jury found appellant Charles McDowell guilty of felony driving while intoxicated and assessed his punishment at thirty years’ imprisonment.  The trial court sentenced him accordingly.  In five points, McDowell appeals his conviction.  We affirm.

II. Background Facts 

At nine in the evening on April 18, 2004 , Officer Chris Reed of the Haltom City Police Department was working the scene of an automobile accident that occurred at an intersection located on the border of Haltom City and Fort Worth.  About half an hour after Reed set a pattern of traffic flares directing cars away from the accident, Reed observed McDowell’s car crossing over into the area marked off by the flares.  Reed approached McDowell’s car and asked him where he was going.  After McDowell responded, Reed noticed that McDowell’s speech was slurred and that his eyes were glassy.  Reed decided to conduct a DWI investigation in a nearby parking lot.  After McDowell failed the HGN, walk-and-turn, one-leg-stand, alphabet recitation, and  counting/dexterity tests, Reed arrested him for DWI. 

McDowell was indicted for DWI.  The indictment alleged two prior misdemeanor convictions for DWI and additional felony convictions for burglary of a habitation and attempted rape.  A jury convicted McDowell of felony DWI, and thereafter McDowell pleaded not true to the indictment’s habitual offender paragraph.  The jury subsequently found the indictment’s habitual offender allegation true and assessed his punishment at thirty years’ imprisonment.  

III. Legal and Factual Sufficiency 

In McDowell’s fourth and fifth points, he argues that the evidence is legally and factually insufficient to show that he is the same person that was previously convicted of driving while intoxicated as alleged in the indictment.  Specifically, he argues that the State’s evidence is wholly inadequate and simply too weak to establish that McDowell is the same person who was convicted of two prior misdemeanor DWI offenses in Brazos County.
(footnote: 2) 

A. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In contrast, when reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient: (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. Evidence of Identity

Proof of two prior misdemeanor convictions are jurisdictional elements that are necessary to obtain a conviction for the offense of felony DWI.  
See Hollen, 
117 S.W.3d at 802.  In order to introduce evidence of a prior conviction, the State must present independent evidence that the defendant is the same person named in the prior judgment.  
See Beck v. State
, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986).  The most common method of proving identity is through the use of a fingerprint expert to link known fingerprints of the defendant with those of the person named in the prior judgment.  
Id
. at 209.  But the State may prove identity in other ways such as by judicial admission of the defendant.  
See Littles v. State
, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (op. on reh’g);
 Brumfield v. State
, 445 S.W.2d 732, 740 (Tex. Crim. App. 1969) (op. on reh’g). 

Here, a fingerprint expert testified that the fingerprints on the arrest cards from Brazos County, which contained the name Charles Gwen McDowell, matched the fingerprints the expert had taken from McDowell in court in the underlying case.  The evidence also showed that the Brazos County arrest cards pertain to a “Charles Gwen McDowell” who is a white male with a date of birth of February 7, 1956.  The testimony from Reed, who arrested McDowell for the present offense, established that the man he stopped that night was identified on his driver’s license as Charles Gwen McDowell, a white male with a date of birth of February 7, 1956. 

Besides the testimony of those witnesses, McDowell himself admitted that he had pled guilty to DWI in Brazos County and that he had signed his name on two DWI judgments.  During cross examination, the following exchange took place:

[STATE:]  And you testified here several times that when you told Officer Reed out there that you had only had one DWI conviction, you believed, you believed that you only had one because they both occurred at the same time and you got confused, right?

[MCDOWELL:]  No, sir.  I knew I had two, but what I’m saying, I thought they went down in the record as just being one.  I knew I had two.  I’d be an idiot if I didn’t know that I had two.  Like I said, I got one the next day, the very next day.  I signed for them here in court.  What I testified is that I thought they went down on my record as one, not as two.

[STATE:]  Okay. So at the time, you knew you had two?

[MCDOWELL:]  Yes, sir.

McDowell argues that the evidence linking him to the Brazos County convictions is simply to weak to support the jury’s findings on the priors beyond a reasonable doubt.  To support his assertion, McDowell cites to a case that holds that a prior judgment alone, containing the same name as the accused is insufficient to supply identification.  
See White v. State
, 634 S.W.2d 81, 82 (Tex. App.—Austin 1982, no pet.).  However, as stated earlier, McDowell admitted to pleading guilty to the two prior DWI charges and was convicted of them and, he was identified by his fingerprints in addition to his name on the judgments.  

Based on the evidence, the jury could have inferred that the person named Charles Gwen McDowell, who was convicted of felony DWI in the present case was the same Charles Gwen McDowell who pled guilty to two cases of DWI in Brazos County in January of 1997.  Therefore, after viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that McDowell was the person named in two prior DWI judgments.
  See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  Furthermore, viewing all the evidence in a neutral light, favoring neither party, we also conclude that the evidence taken alone, is not too weak to support the finding of guilt beyond a reasonable doubt and that the contrary evidence is not so strong that guilt cannot be proven beyond a reasonable doubt.  
See Zuniga
, 144 S.W.3d at 481.  After reviewing the entire record, we conclude that the evidence is legally and factually sufficient to support McDowell’s conviction for DWI.
(footnote: 3)  We overrule McDowell’s fourth and fifth points.

IV. Jurisdiction of Visiting Judge

In his first point, McDowell complains that Judge Phillip Vick, who presided over McDowell’s trial in the 371st District Court of Tarrant County, never acquired jurisdiction to act in this case.  He contends that the conviction is void because the order appointing the judge, appointed him to preside in the 
213th
 District Court of Tarrant County.  The Honorable Jeff Walker, the presiding judge of the Eighth Administrative Judicial Region of Texas, signed an order appointing Judge Vick pursuant to section 74.056 of the Texas Government Code for a period beginning October 18, 2004.  McDowell argues that because the order did not mention the 371st District Court of Tarrant County, Judge Vick did not have authority to hear McDowell’s case.  

McDowell overlooks several important provisions in the Texas Government Code relating to the authorities and powers of judges.  A judge assigned under the provisions of the Texas Court Administration Act has all the powers of the judge of the court to which he is assigned.
  Tex. Gov’t Code Ann.
 § 74.059(a) (Vernon 2005); 
Herrod v. State
, 650 S.W.2d 814, 817 (Tex. Crim. App. 1983) (op. on reh’g); 
Alexander v. State
, 903 S.W.2d 881, 883 (Tex. App.—Fort Worth 1995, no pet.).  Furthermore, in any county in which there are two or more district courts, the judges of those courts, may, in their discretion, either in term time or vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any civil or criminal case or proceeding on their dockets to the docket of one of those other district courts.  
Tex. Gov’t Code Ann
. § 24.303(a) (Vernon 2004).  Judge Vick was vested to act in the 371st District Court of Tarrant County because he was vested to act in the 213th District Court of Tarrant County.  
See
 
Tex. R. Civ. P
. 330.  Accordingly, the fact that the assignment order specifically assigned the visiting judge to the 213th District Court of Tarrant County provides no grounds from which McDowell’s conviction could properly be deemed void.  
See Pendleton v. State
, 434 S.W.2d 694, 697 (Tex. Crim. App. 1968) (holding no formal order necessary for judge of one district court to preside over case in place of elected judge).  We hold Judge Vick had authority to hear this case in the 371st District Court of Tarrant County.  We overrule McDowell’s first point.

V. Evidence of Prior Convictions

In his second point, McDowell contends that the trial court erred by admitting evidence of the prior misdemeanor DWI convictions for enhancement purposes because the record did not show a waiver of his right to a trial by jury for those convictions.
(footnote: 4)
 An alleged prior conviction used for enhancement may be collaterally attacked.  
Galloway v. State
, 578 S.W.2d 142, 143 (Tex. Crim. App. [Panel Op.] 1979).  When an appellant collaterally attacks a prior conviction, the appellant has the burden of proving that the prior conviction is void.  
See Johnson v. State
, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987).  A prior conviction that does not show a waiver of a jury trial is void.  
See Egger v. State
, 62 S.W.3d 221, 224 (Tex. App.—San Antonio 2001, no pet.). An appellant attempting to collaterally attack a prior conviction on the ground that it does not show a waiver of jury trial bears the burden of showing that the entire record is silent on jury waiver
.  West v. State
, 720 S.W.2d 511, 519 (Tex. Crim. App. 1986), 
cert. denied
, 481 U.S. 1072 (1987).  

Here, the records that were introduced at trial were not shown to be complete records of the prior misdemeanor DWI convictions because they were silent on the question of jury waiver.  Because McDowell failed to introduce the entire record from the prior conviction, he failed to meet his burden.  
See Bruce v. State
, 744 S.W.2d 618, 619 (Tex. App.—Houston [1st Dist.] 1987, pet. ref’d).  We overrule McDowell’s second point.

In McDowell’s third point, he again raises the issue of admitting the previous misdemeanor DWI judgments.  McDowell argues that the judgments of the two previous DWI convictions were admitted into evidence without proper authentication or predicate.  McDowell forfeited this point.  

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  

Here, McDowell’s only objection was to the lack of jury waivers in the judgments.  He did not object to a lack of predicate or proper authentication.  Thus, he did not make a timely objection to this specific ground of error and has  forfeited this point on appeal. 

VI. Lesser Included Offense 

Also in his third point, McDowell argues that the trial court erred by failing to charge the jury on the lesser included offense of misdemeanor driving while intoxicated.  McDowell appears to argue that submission of the lesser included offense was justified because at trial he did not admit that his previous misdemeanor DWI convictions were “legitimate convictions.”  As a result, he asserts that the judgments’ “extremely tenuous link, if any, to [himself] amount[s] to more than a scintilla of evidence to negate one or both of the prior convictions as an element of the greater offense in this case.”  

To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(1).  Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis.  
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); 
Day v. State
, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether the State, when presenting its case to prove the offense charged, also includes proof of the lesser included offense as defined in article 37.09.  
See Bartholomew
, 871 S.W.2d at 212; 
Broussard v. State
, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).

McDowell meets the first prong of the test because misdemeanor DWI is a lesser included offense of felony DWI.  
See
 
Tex. Code Crim. Proc. Ann
. art. 37.09; 
Mosqueda v. State
, 936 S.W.2d 714, 717 (Tex. App.—Fort Worth 1996, no pet.).  

The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater.  
Feldman v. State
, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); 
Moore
, 969 S.W.2d at 8.  The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense.  
Id.
  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense.  
See Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

McDowell cannot satisfy the second prong of the test because no evidence in the record supports a finding that if he was guilty, he was guilty only of a lesser included offense.  Here, there is evidence that McDowell admitted that he pled guilty to the two previous misdemeanor DWI charges.  And the State admitted into evidence the final judgments of McDowell’s two prior misdemeanor DWI convictions.  Although McDowell argues that the judgments are not proper because neither contained a waiver of McDowell’s right to a jury trial, as we held in point two, McDowell failed to introduce the entire record from the prior convictions.  Thus, he cannot assert that the trial court erred by admitting the prior conviction for lack of a jury waiver.  Additionally, he presented no affirmative evidence from any source to negate or refute the elements establishing DWI.  
Schweinle
, 915 S.W.2d at 19; 
see Skinner v. State,
 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)
 (holding it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, rather, there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted)
, cert. denied, 
523 U.S. 1079 (1998); 
Saunders
, 840 S.W.2d at 392 (holding if the defendant simply denies commission of the offense . . . a charge on the lesser offense would not be required).  Furthermore, the evidence is not so weak that it is subject to more than one reasonable inference regarding an aggravating element.  
Saunders, 
840 S.W.2d at 392
.
  Thus, the trial court correctly denied McDowell’s request for the lesser included offense charge.  We overrule McDowell’s third point.

VII. Conclusion

Having overruled all five of McDowell’s points, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, WALKER, 
and MCCOY
, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 5, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
McDowell does not raise any issue on appeal in regard to the felony habitual offender paragraph.  He only challenges the jurisdictional elements of the two prior misdemeanor convictions that must be proven in order to obtain a felony conviction for offense of DWI.  
See Hollen v. State, 
117
 
S.W.3d 
798, 802 (Tex. Crim. App. 2003).

3: In his legal insufficiency argument, McDowell mentions that he was not shown the State’s exhibits purporting to be the Brazos County judgments.  However, that fact has no bearing on whether the evidence is legally sufficient to show that McDowell was the same person previously convicted. 

4:
There are three grades of the offense of driving while intoxicated.
  Gibson v. State
, 995 S.W.2d 693, 695 (Tex. Crim. App. 1999).  If the State can prove that a defendant has twice been previously convicted of an offense related to operating a motor vehicle while intoxicated, the intoxicated offense becomes a felony of the third degree.  
Tex. Penal Code Ann
. § 49.09(b)(2) (Vernon Supp. 2005).