COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-530-CR

 

 

CHARLES MCDOWELL                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                        I. Introduction

A jury found appellant
Charles McDowell guilty of felony driving while intoxicated and assessed his
punishment at thirty years= imprisonment.  The trial court
sentenced him accordingly.  In five
points, McDowell appeals his conviction. 
We affirm.

 








II.
Background Facts 

At nine in the evening on
April 18, 2004 , Officer Chris Reed of the Haltom City Police Department was
working the scene of an automobile accident that occurred at an intersection
located on the border of Haltom City and Fort Worth.  About half an hour after Reed set a pattern
of traffic flares directing cars away from the accident, Reed observed McDowell=s car crossing over into the area marked off by the flares.  Reed approached McDowell=s car and asked him where he was going.  After McDowell responded, Reed noticed that
McDowell=s speech was slurred and that his eyes were glassy.  Reed decided to conduct a DWI investigation
in a nearby parking lot.  After McDowell
failed the HGN, walk-and-turn, one-leg-stand, alphabet recitation, and  counting/dexterity tests, Reed arrested him
for DWI. 

McDowell was indicted for
DWI.  The indictment alleged two prior
misdemeanor convictions for DWI and additional felony convictions for burglary
of a habitation and attempted rape.  A
jury convicted McDowell of felony DWI, and thereafter McDowell pleaded not true
to the indictment=s habitual
offender paragraph.  The jury subsequently
found the indictment=s habitual
offender allegation true and assessed his punishment at thirty years= imprisonment.  

 

 








III.
Legal and Factual Sufficiency 

In McDowell=s fourth and fifth points, he argues that the evidence is legally and
factually insufficient to show that he is the same person that was previously
convicted of driving while intoxicated as alleged in the indictment.  Specifically, he argues that the State=s evidence is wholly inadequate and simply too weak to establish that
McDowell is the same person who was convicted of two prior misdemeanor DWI
offenses in Brazos County.[2]


A. Standards of Review








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789. The trier of fact is the sole judge of the weight
and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








In contrast, when reviewing
the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: (1) the evidence supporting the
verdict or judgment, considered by itself, is too weak to support the finding
of guilt beyond a reasonable doubt; or (2) when there is evidence both
supporting and contradicting the verdict or judgment, weighing all of the
evidence, the contrary evidence is so strong that guilt cannot be proven beyond
a reasonable doubt.  Id. at
484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.  


In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that
of the fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. Evidence of Identity








Proof of two prior
misdemeanor convictions are jurisdictional elements that are necessary to
obtain a conviction for the offense of felony DWI.  See Hollen, 117 S.W.3d at 802.  In order to introduce evidence of a prior
conviction, the State must present independent evidence that the defendant is
the same person named in the prior judgment. 
See Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim. App.
1986).  The most common method of proving
identity is through the use of a fingerprint expert to link known fingerprints
of the defendant with those of the person named in the prior judgment.  Id. at 209.  But the State may prove identity in other
ways such as by judicial admission of the defendant.  See Littles v. State, 726 S.W.2d 26,
32 (Tex. Crim. App. 1987) (op. on reh=g); Brumfield v. State, 445 S.W.2d 732, 740 (Tex. Crim. App.
1969) (op. on reh=g). 

Here, a fingerprint expert
testified that the fingerprints on the arrest cards from Brazos County, which
contained the name Charles Gwen McDowell, matched the fingerprints the expert
had taken from McDowell in court in the underlying case.  The evidence also showed that the Brazos
County arrest cards pertain to a ACharles Gwen McDowell@ who is a white male with a date of birth of February 7, 1956.  The testimony from Reed, who arrested
McDowell for the present offense, established that the man he stopped that
night was identified on his driver=s license as Charles Gwen McDowell, a white male with a date of birth
of February 7, 1956. 








Besides the testimony of
those witnesses, McDowell himself admitted that he had pled guilty to DWI in
Brazos County and that he had signed his name on two DWI judgments.  During cross examination, the following
exchange took place:

[STATE:] 
And you testified here several times that when you told Officer Reed out
there that you had only had one DWI conviction, you believed, you believed that
you only had one because they both occurred at the same time and you got
confused, right?

 

[MCDOWELL:] 
No, sir.  I knew I had two, but
what I=m
saying, I thought they went down in the record as just being one.  I knew I had two.  I=d be an idiot if I didn=t
know that I had two.  Like I said, I got
one the next day, the very next day.  I
signed for them here in court.  What I
testified is that I thought they went down on my record as one, not as two.

 

[STATE:] 
Okay. So at the time, you knew you had two?

 

[MCDOWELL:] 
Yes, sir.

 

McDowell argues that the
evidence linking him to the Brazos County convictions is simply to weak to
support the jury=s findings
on the priors beyond a reasonable doubt. 
To support his assertion, McDowell cites to a case that holds that a
prior judgment alone, containing the same name as the accused is insufficient
to supply identification.  See White
v. State, 634 S.W.2d 81, 82 (Tex. App.CAustin 1982, no pet.).  However,
as stated earlier, McDowell admitted to pleading guilty to the two prior DWI
charges and was convicted of them and, he was identified by his fingerprints in
addition to his name on the judgments.  








Based on the evidence, the
jury could have inferred that the person named Charles Gwen McDowell, who was
convicted of felony DWI in the present case was the same Charles Gwen McDowell
who pled guilty to two cases of DWI in Brazos County in January of 1997.  Therefore, after viewing the evidence in the
light most favorable to the verdict, we hold that a rational trier of fact
could have found beyond a reasonable doubt that McDowell was the person named
in two prior DWI judgments.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  Furthermore, viewing all the evidence in a
neutral light, favoring neither party, we also conclude that the evidence taken
alone, is not too weak to support the finding of guilt beyond a reasonable
doubt and that the contrary evidence is not so strong that guilt cannot be
proven beyond a reasonable doubt.  See
Zuniga, 144 S.W.3d at 481.  After
reviewing the entire record, we conclude that the evidence is legally and
factually sufficient to support McDowell=s conviction for DWI.[3]  We overrule McDowell=s fourth and fifth points.

IV.
Jurisdiction of Visiting Judge








In his first point, McDowell
complains that Judge Phillip Vick, who presided over McDowell=s trial in the 371st District Court of Tarrant County, never acquired
jurisdiction to act in this case.  He
contends that the conviction is void because the order appointing the judge,
appointed him to preside in the 213th District Court of Tarrant
County.  The Honorable Jeff Walker, the
presiding judge of the Eighth Administrative Judicial Region of Texas, signed
an order appointing Judge Vick pursuant to section 74.056 of the Texas
Government Code for a period beginning October 18, 2004.  McDowell argues that because the order did
not mention the 371st District Court of Tarrant County, Judge Vick did not have
authority to hear McDowell=s case.  








McDowell overlooks several
important provisions in the Texas Government Code relating to the authorities
and powers of judges.  A judge assigned
under the provisions of the Texas Court Administration Act has all the powers
of the judge of the court to which he is assigned.  Tex. Gov=t Code Ann. ' 74.059(a) (Vernon 2005); Herrod v. State, 650 S.W.2d 814, 817
(Tex. Crim. App. 1983) (op. on reh=g); Alexander v. State, 903 S.W.2d 881, 883 (Tex. App.CFort Worth 1995, no pet.). 
Furthermore, in any county in which there are two or more district
courts, the judges of those courts, may, in their discretion, either in term
time or vacation, on motion of any party or on agreement of the parties, or on
their own motion, transfer any civil or criminal case or proceeding on their
dockets to the docket of one of those other district courts.  Tex.
Gov=t Code Ann. ' 24.303(a) (Vernon 2004).  Judge
Vick was vested to act in the 371st District Court of Tarrant County because he
was vested to act in the 213th District Court of Tarrant County.  See
Tex. R. Civ. P.
330.  Accordingly, the fact that the
assignment order specifically assigned the visiting judge to the 213th District
Court of Tarrant County provides no grounds from which McDowell=s conviction could properly be deemed void.  See Pendleton v. State, 434 S.W.2d
694, 697 (Tex. Crim. App. 1968) (holding no formal order necessary for judge of
one district court to preside over case in place of elected judge).  We hold Judge Vick had authority to hear this
case in the 371st District Court of Tarrant County.  We overrule McDowell=s first point.

V.
Evidence of Prior Convictions

In his second point, McDowell
contends that the trial court erred by admitting evidence of the prior
misdemeanor DWI convictions for enhancement purposes because the record did not
show a waiver of his right to a trial by jury for those convictions.[4]








An alleged prior conviction
used for enhancement may be collaterally attacked.  Galloway v. State, 578 S.W.2d 142, 143
(Tex. Crim. App. [Panel Op.] 1979).  When
an appellant collaterally attacks a prior conviction, the appellant has the
burden of proving that the prior conviction is void.  See Johnson v. State, 725 S.W.2d 245,
247 (Tex. Crim. App. 1987).  A prior
conviction that does not show a waiver of a jury trial is void.  See Egger v. State, 62 S.W.3d 221, 224
(Tex. App.CSan Antonio
2001, no pet.). An appellant attempting to collaterally attack a prior
conviction on the ground that it does not show a waiver of jury trial bears the
burden of showing that the entire record is silent on jury waiver.  West v. State, 720 S.W.2d 511, 519 (Tex.
Crim. App. 1986), cert. denied, 481 U.S. 1072 (1987).  

Here, the records that were
introduced at trial were not shown to be complete records of the prior
misdemeanor DWI convictions because they were silent on the question of jury
waiver.  Because McDowell failed to
introduce the entire record from the prior conviction, he failed to meet his
burden.  See Bruce v. State, 744
S.W.2d 618, 619 (Tex. App.CHouston [1st Dist.] 1987, pet. ref=d).  We overrule McDowell=s second point.








In McDowell=s third point, he again raises the issue of admitting the previous
misdemeanor DWI judgments.  McDowell
argues that the judgments of the two previous DWI convictions were admitted
into evidence without proper authentication or predicate.  McDowell forfeited this point.  

To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983
S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  

Here, McDowell=s only objection was to the lack of jury waivers in the
judgments.  He did not object to a lack
of predicate or proper authentication. 
Thus, he did not make a timely objection to this specific ground of
error and has  forfeited this point on
appeal. 

VI.
Lesser Included Offense 








Also in his third point,
McDowell argues that the trial court erred by failing to charge the jury on the
lesser included offense of misdemeanor driving while intoxicated.  McDowell appears to argue that submission of
the lesser included offense was justified because at trial he did not admit
that his previous misdemeanor DWI convictions were Alegitimate convictions.@  As a result, he asserts that
the judgments= Aextremely tenuous link, if any, to [himself] amount[s] to more than a
scintilla of evidence to negate one or both of the prior convictions as an
element of the greater offense in this case.@  








To determine whether a jury
must be charged on a lesser included offense, we apply a two-step analysis.  Moore v. State, 969 S.W.2d 4, 8 (Tex.
Crim. App. 1998).  The first step is to
decide whether the offense is a Alesser included offense@ as defined in article 37.09 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore, 969 S.W.2d
at 8.  A lesser included offense is
defined both in terms of the offense charged and the facts of the case:  AAn offense is a lesser included offense if . . . it is established by
proof of the same or less than all the facts required to establish the
commission of the offense charged.@  Tex. Code Crim. Proc. Ann. art. 37.09(1).  Therefore, our analysis of whether an offense
is a lesser included offense of the charged offense must be made on a
case-by-case basis.  Bartholomew v.
State, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); Day v. State, 532
S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g).  It does not matter if the charged offense can
be established on a theory that does not contain the lesser offense; the issue
is whether the State, when presenting its case to prove the offense charged,
also includes proof of the lesser included offense as defined in article
37.09.  See Bartholomew, 871
S.W.2d at 212; Broussard v. State, 642 S.W.2d 171, 173 (Tex. Crim. App.
1982).

McDowell meets the first
prong of the test because misdemeanor DWI is a lesser included offense of felony
DWI.  See Tex. Code Crim. Proc. Ann. art. 37.09; Mosqueda v. State,
936 S.W.2d 714, 717 (Tex. App.CFort Worth 1996, no pet.).  








The second step requires an
evaluation of the evidence to determine whether there is some evidence that
would permit a rational jury to find that the defendant is guilty only of the
lesser offense, and not of the greater.  Feldman
v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); Moore, 969
S.W.2d at 8.  The evidence must be
evaluated in the context of the entire record. 
Moore, 969 S.W.2d at 8. 
There must be some evidence from which a rational jury could acquit the
defendant of the greater offense while convicting him of the lesser included
offense.  Id.  The court may not consider whether the
evidence is credible, controverted, or in conflict with other evidence.  Id. 
If there is evidence from any source that negates or refutes the element
establishing the greater offense, or if the evidence is so weak that it is
subject to more than one reasonable inference regarding the aggravating
element, the jury should be charged on the lesser included offense.  See Schweinle v. State, 915 S.W.2d 17,
19 (Tex. Crim. App. 1996); Saunders v. State, 840 S.W.2d 390, 391-92
(Tex. Crim. App. 1992).








McDowell cannot satisfy the
second prong of the test because no evidence in the record supports a finding
that if he was guilty, he was guilty only of a lesser included offense.  Here, there is evidence that McDowell
admitted that he pled guilty to the two previous misdemeanor DWI charges.  And the State admitted into evidence the
final judgments of McDowell=s two prior misdemeanor DWI convictions.  Although McDowell argues that the judgments
are not proper because neither contained a waiver of McDowell=s right to a jury trial, as we held in point two, McDowell failed to
introduce the entire record from the prior convictions.  Thus, he cannot assert that the trial court
erred by admitting the prior conviction for lack of a jury waiver.  Additionally, he presented no affirmative
evidence from any source to negate or refute the elements establishing DWI.  Schweinle, 915 S.W.2d at 19; see
Skinner v. State, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997) (holding it is
not enough that the jury may disbelieve crucial evidence pertaining to the
greater offense, rather, there must be some evidence directly germane to a
lesser included offense for the factfinder to consider before an instruction on
a lesser included offense is warranted), cert. denied, 523 U.S. 1079
(1998); Saunders, 840 S.W.2d at 392 (holding if the defendant simply
denies commission of the offense . . . a charge on the lesser offense would not
be required).  Furthermore, the evidence
is not so weak that it is subject to more than one reasonable inference
regarding an aggravating element.  Saunders,
840 S.W.2d at 392.  Thus, the
trial court correctly denied McDowell=s request for the lesser included offense charge.  We overrule McDowell=s third point.

VII.
Conclusion

Having overruled all five of
McDowell=s points, we affirm the trial court=s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL
B:   DAUPHINOT, WALKER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 5, 2006











[1]See Tex. R. App. P. 47.4.





[2]McDowell
does not raise any issue on appeal in regard to the felony habitual offender
paragraph.  He only challenges the
jurisdictional elements of the two prior misdemeanor convictions that must be
proven in order to obtain a felony conviction for offense of DWI.  See Hollen v. State, 117 S.W.3d
798, 802 (Tex. Crim. App. 2003).





[3] In
his legal insufficiency argument, McDowell mentions that he was not shown the
State=s
exhibits purporting to be the Brazos County judgments.  However, that fact has no bearing on whether
the evidence is legally sufficient to show that McDowell was the same person
previously convicted. 





[4]There
are three grades of the offense of driving while intoxicated.  Gibson v. State, 995 S.W.2d 693, 695
(Tex. Crim. App. 1999).  If the State can
prove that a defendant has twice been previously convicted of an offense
related to operating a motor vehicle while intoxicated, the intoxicated offense
becomes a felony of the third degree.  Tex. Penal Code Ann. '
49.09(b)(2) (Vernon Supp. 2005).