# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00269-CR

**Glenn Meek, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-2004-202554, HONORABLE JON WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This case concerns the admissibility and the sufficiency of the evidence used to convict Glenn Alan Meek of felony driving while intoxicated. A jury found Meek guilty of felony DWI. The court assessed punishment at twenty-five years in prison. *See* Tex. Pen. Code Ann. § 49.09(b)(2) (West 2003) (DWI third conviction). Meek raises two issues on appeal. In his first issue, he contends that the evidence was legally insufficient to prove his identity as the person convicted in one of the two prior DWI offenses that are required to prove felony DWI. *See id*. In his second issue, Meek argues that the admission of inculpatory statements he made after his arrest and prior to receiving his *Miranda* warnings violated his right against self-incrimination. U.S. Const. amend. V, XIV. We affirm the conviction.

Officer Randy Ballard of the Austin Police Department testified that, at approximately 1 a.m. on June 5, 2004, he saw a vehicle run a red light. He then followed the vehicle for

approximately two and a half blocks until he saw it fail to come to a complete stop while turning right on red at the intersection of 11th Street and the Interstate 35 frontage road. Ballard testified that Meek's GMC Jimmy was moving in a "jerking motion." Meek pulled over into the parking lot of a hotel within half a block after Ballard turned on his overhead lights. Activation of the lights also triggered Ballard's car-mounted video camera to record.

Ballard testified that when he approached the vehicle and began speaking to Meek he noticed the odor of alcohol, that Meek's eyes were bloodshot, and that Meek's speech was slurred. Ballard then asked Meek to step out of the vehicle. In response to an investigative line of questioning in which Ballard sought to determine what Meek had to eat and drink that night, Meek told Ballard that he was taking medication.[1]

Ballard then administered field sobriety tests—the horizontal gaze nystagmus (HGN) test, the walk-and-turn test, the one-leg stand test, and the Romberg balance test. Ballard testified that Meek performed poorly enough on the tests to be arrested for DWI. He also testified that, prior to performing the one-leg stand test, Meek said that he had a hurt back or ruptured disc that would make his performance "a little shaky" on the one-leg test. Ballard further testified that Meek then stated a second time that he was taking medication (Soma) for his back.

The videotape recording of the sobriety tests and arrest shows that when Ballard handcuffed Meek and told him he was under arrest for DWI, Meek asked Ballard to "please go ahead and let [him] just book into the nearest motel." Meek requested at least six times that he be allowed to check into a motel instead of being arrested. Before he was put in the patrol car, Meek remarked

---

[1] Meek stated he was taking "Adavan" for anxiety and "Soma" for a ruptured disc in his back.

2

again about the "medication that [he's] taking." When Meek was in the back of the patrol car, Ballard read him the DIC-24 form requesting a blood and/or breath sample and explaining the consequences of his refusal. Ballard then requested a sample from Meek, to which Meek responded that he was "under psych meds." During the trial, the videotape of the arrest was played for the jury until this point and was then stopped.

To satisfy the elements of felony DWI, the State offered evidence of two prior convictions of Meek for DWI offenses. The evidence consisted of penitentiary packets for a conviction in cause no. 843207, contained in State's exhibit 2 (SX-2), and cause no. 528376 (SX-4), each containing the judgment, front and side view photographs, and a fingerprint card taken of the individual convicted in each respective cause number. Travis County Deputy Sheriff Toby Cross, a fingerprint expert, testified that the fingerprints contained in SX-2 matched fingerprints taken from Meek on the morning of the trial. Cross testified that he was not able to match Meek's fingerprints with the fingerprints contained in SX-4, due to the poor quality of the print card in SX-4. Cross testified that certain identifying information contained in SX-4—the name, State Identification Number (SID), and signature—was the same as information contained in SX-2 and SX-7, which included a handwritten letter that Meek sent to Ballard from the Del Valle Correctional Center. This letter asked Ballard not to testify at Meek's trial. The letter was signed: "Glenn Alan Meek." The return address on the envelope was signed: "Glenn A. Meek."

The jury found beyond a reasonable doubt that Meek was the individual previously convicted of DWI in cause numbers 843207 and 528376 and found him guilty of the offense of felony DWI. Based on this verdict, the judge sentenced Meek to twenty-five years in prison.

3

In his first issue, Meek contends that the evidence is legally insufficient to prove that he was convicted of two previous DWI offenses. Texas Penal Code section 49.09(b)(2) provides that "an offense [of driving while intoxicated] under section 49.04 . . . is a felony . . . if it is shown on the trial of the offense that the person has previously been convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ." Tex. Pen. Code Ann. § 49.09 (West 2003). Previous convictions of driving while intoxicated are an essential part of the felony DWI offense that must be alleged and proved by sufficient evidence. *Johnson v. State*, 269 S.W.2d 393, 394 (Tex. Crim. App. 1954); *White v. State*, 634 S.W.2d 81, 82 (Tex. App.—Austin 1982, no pet.). The indictment against Meek alleges two prior convictions: a 2000 conviction of operating a motor vehicle while intoxicated, cause no. 843207, and a 1993 conviction of operating a motor vehicle while intoxicated, cause no. 528376. Meek does not dispute that he was convicted of DWI in cause no. 843207, but he challenges the legal sufficiency of the evidence to establish that he was the individual convicted in cause no. 528376.

In a legal sufficiency review, we examine the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). There is no exclusive manner of proving a defendant's identity as to prior convictions. *Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (op. on reh'g); *Green v. State*, 140 S.W.3d 776, 777 (Tex. App.—Eastland 2004, no pet.). Each case is to be judged on its own individual merits. *Littles*, 726 S.W.2d at 32. One means of proving identity for purposes of enhancement includes the introduction of certified copies of the judgment, sentence, and record of the Texas Department of Corrections or a county jail, including

4

fingerprint records of the person convicted, supported by expert testimony identifying them as identical with known prints of the accused. *Id*. at 31. Because there is no exclusive means of proving identity with respect to prior convictions, even unorthodox proof of identity will support an enhancement of the offense if it is sufficient to prove identity. *Id.* at 31-32. In *Littles*, the court of criminal appeals held that a jury could compare photographs in two penitentiary packets relating to separate offenses to determine if the individual identified by fingerprints as the person convicted of one offense was the same person convicted of the second offense. *Id.* at 32. The court held such photographic evidence to be sufficient. *Id.*

At trial, the State introduced a penitentiary packet for cause no. 528376, containing a fingerprint card, the judgment for cause no. 528376, and photographs—a front and side view—of the individual convicted in cause no. 528376. The penitentiary packet was certified by the Vice-Chairman of Classification and Records for the Texas Department of Criminal Justice Correctional Institutions Division. Meek argues that the State failed to prove that he was the individual convicted in cause no. 528376 because the fingerprint page in that penitentiary packet could not be matched to Meek's fingerprints due to the poor quality of the print card in the penitentiary packet.

We find that the jury could compare the photographs contained within the penitentiary packets for the two prior offenses with Meek in the courtroom to determine that Meek was the individual convicted in cause no. 528376. The jury is capable of making such a comparison and no additional testimony is required regarding the photographs. *See Yeager v. State*, 737 S.W.2d 948, 952 (Tex. App.—Fort Worth 1987, no pet.). In addition to the photographs, the documents in each penitentiary packet contain the same full name: Glenn Alan Meek, as well as the same SID: 651289. Meek correctly asserts for the first time on appeal that there is no evidence in the record that an SID

number is unique. Regardless, the jury could use the photographs to link the offenders in the two causes and use the fingerprints in the penitentiary packet for cause no. 843207 to link all of the information to Meek. *See Littles*, 726 S.W.2d at 32.

Furthermore, the jury could compare the signature on the fingerprint card for cause no. 528376, and Meek's signature in the penitentiary packet for cause no. 843207, with his signature on the letter and envelope he sent to Ballard in connection with this case to determine that the individual convicted in the two previous instances and Meek are the same person. The State need not present expert testimony regarding the handwriting comparison because the jury is capable of making such a comparison. *See* Tex. Code Crim. Proc. Ann. art. 38.27 (West 2005). When viewed in the light most favorable to the jury's verdict, the evidence is legally sufficient for a rational jury to find beyond a reasonable doubt that Meek had twice been previously convicted of driving while intoxicated. Accordingly, we overrule Meek's first point of error.

In his second issue, Meek challenges the admission into evidence of his "post-arrest, pre-*Miranda* statements." He argues that these statements made after his arrest were erroneously admitted into evidence in violation of his Fifth Amendment right against self-incrimination. U.S. Const. amend. V. Meek made two post-arrest, pre-*Miranda* statements. After Meek was handcuffed and while being escorted to Ballard's patrol car, he remarked about "the medications that [he's] taking." Then, after Ballard read Meek the DIC-24 and requested a blood or breath sample from him, Meek responded that he was "under psych meds." Meek argues that these two statements should not have been admitted into evidence. He claims that his *Miranda* warnings were intentionally delayed to allow him to make inculpatory statements without being aware of his

6

constitutionally guaranteed choices. *See Missouri v. Seibert*, 542 U.S. 600, 604 (2004) (criticizing the "question first" interrogation technique).

Meek challenges the admission of post-arrest statements only. Meek does not challenge the admission of pre-arrest statements he made concerning his use of medications. The videotape showed that, in response to questions immediately after the traffic stop, Meek stated that he had taken medications for anxiety and pain. Ballard testified and the videotape confirmed that, during the field sobriety tests, Meek volunteered that he had taken Soma for back pain. These statements made after the stop but before Meek was arrested, handcuffed, and put into the patrol car do not fall within Meek's point of error or the protections of *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). The Supreme Court was primarily concerned with protecting individuals from being coerced into confessions when subjected to custodial interrogations without knowledge of their rights. *Id*. at 458-70; *Berkemer v. McCarty*, 468 U.S. 420, 433 (1984). Temporary detentions during routine traffic stops generally do not fall within the *Miranda* protections. *Berkemer*, 468 U.S. at 437-42. Police can even ask a modest number of questions and conduct sobriety tests without arresting a person. *Id*. at 440-42. Even arrest, handcuffing, and placement into a car for transport does not, without interrogation, invoke *Miranda* safeguards. *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980). "'Interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id*. at 301 (footnote omitted). Meek's pre-arrest statements were not made in response to the conduct of a custodial interrogation without provision of *Miranda* warnings as in *Seibert*, 452 U.S. at 604.

7

We conclude that Meek was not in custody immediately after the stop when he told Ballard that he had taken medication, nor do we find evidence of intentional, improper delay in provision of *Miranda* warnings. Meek's voluntary assertion that the medication he was taking might affect his performance on field sobriety tests was not prompted by any question or behavior that the police should know would evoke an incriminating response. Because the admission of these pre-arrest statements was not challenged at trial or on appeal, any error in the admission of the similar post-arrest statements is harmless or waived. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Thompson v. State*, 537 S.W.2d 732, 735 (Tex. Crim. App. 1976). We nevertheless have considered the merits of Meek's complaints about the admission of his post-arrest statements regarding medications he had taken. Finding that they were not made in response to any interrogation or circumstances that police should know would evoke an incriminating response, we find no error in their admission.

Having resolved all of the issues raised on appeal, we affirm the judgment.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed: July 28, 2006

Do Not Publish